## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, on behalf of himself and all others similarly situated, | Case No.: 2:14-cv-997 |
| Plaintiff, | CLASS ACTION |
| vs. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |
| CBD ENERGY LIMITED, NATIONAL SECURITIES CORPORATION, NORTHLAND SECURITIES, INC. GERARD MCGOWAN, RICHARD PILLINGER, TODD BARLOW, CARLO BOTTO, WILLIAM MORRO, and JAMES GREER | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

Plaintiff Michael Johnson, individually and on behalf of all other persons similarly situated, by plaintiff's undersigned attorneys, for plaintiff's complaint against defendants, alleges the following based upon personal knowledge as to plaintiff and plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through plaintiff's attorneys, which included, among other things, a review of United States Securities and Exchange Commission ("SEC") filings by CBD Energy Limited ("CBD Energy" or the "Company"), and analyst and other media reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of CBD Energy pursuant and/or traceable to the Company's Registration Statement (the "Registration Statement") and Prospectus ("the Prospectus") issued in connection with the Company's public offering, which commenced on or about June 13, 2014, seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act").

2.      In the Offering, 1,810,000 shares of the Company's common stock were priced at $4.00/share for total proceeds of $7,240,000.

3.      The Registration Statement and Prospectus, which included the Company's financial results in dating back to 2012, contained misstatements of material fact.  Namely, the Registration Statements and Prospectus contained material errors relating to, among other things, the Company's accounting treatment of related party transactions.

4.      On October 24, 2014, CBD Energy issued an announcement admitting that the Company's previously issued financial statements, including those contained in the Offering documents, contained material errors and required revisions.

5.      This announcement shocked the market and caused the price of CBD Energy stock to drop $0.76 per share or over 37% to close at $1.25 per share on October 24, 2014.

## JURISDICTION AND VENUE

6.      The claims alleged herein arise under Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2) and 77o, and the rules and regulations of the SEC promulgated thereunder.

7. This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and 28 U.S.C. § 1331.

8. Venue is proper in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v, and 28 U.S.C. § 1391(b).

9. In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

10. Plaintiff Michael Johnson ("Johnson"), as set forth in the accompanying Certification, which is incorporated by reference herein, purchased CBD Energy common stock, pursuant to or traceable to the Company's Offering and was economically damaged thereby. Plaintiff is a citizen of Houston, Texas.

11. Defendant CBD Energy is an Australian corporation headquartered in Sydney, Australia. Founded in 1989, it purportedly provides clean, renewable and cost-effective sources of electricity for consumers on three continents. Its common stock trades on the NASDAQ under the symbol "CBDE."

12. Defendant Gerard McGowan ("McGowan") has been the Company's Managing Director and its Chairman of the Board of Directors ("Board") at all relevant times.

13. Defendant Richard Pillinger ("Pillinger") has been the Company's Chief Financial Officer ("CFO") at all relevant times.

14. Defendant Todd Barlow ("Barlow") has been a member of the Company's Board at all relevant times until he was replaced in August 2014.

15. Defendant Carlo Botto ("Botto") has been a member of the Company's Board at all relevant times.

16. Defendant William Morro ("Morro") has been a member of the Company's Board at all relevant times.

17. Defendant James Greer ("Greer") has been the Company's CEO of International Operations at all relevant times.

18. Defendants McGowan, Morro, Barlow, Botto, Pillinger, and Greer are referred to here, collectively, as the "Individual Defendants."

19. Defendant National Securities Corporation ("National") was the sole book-running manager and underwriter of the Company's Offering. National was allocated 1,448,000 of the 1,810,000 shares to be sold in the Offering. National assisted in the preparation and dissemination of the Offering Materials. As an underwriter of the Offering, National was responsible for ensuring the truthfulness and accuracy of the various statements contained in or incorporated by reference into the Offering Materials.

20. Defendant Northland Securities, Inc. ("Northland") was the co-manager and underwriter of the Company's Offering. Northland was allocated 362,000 of the 1,810,000 shares to be sold in the Offering. National assisted in the preparation and dissemination of the Offering Materials. As an underwriter of the Offering, Northland was responsible for ensuring the truthfulness and accuracy of the various statements contained in or incorporated by reference into the Offering Materials.

21. Defendants National and Northland are referred to here, collectively, as the "Underwriter Defendants."

## ALLEGATIONS OF FALSE STATEMENTS

22.     On June 4, 2014, CBD Energy filed with the SEC its amended registration statement and prospectus on Form F-1/A with the SEC.

23.     On June 12, 2014, the SEC declared the Registration Statement effective.

24.     The final Prospectus was filed with the SEC on June 16, 2014.

25.     In the Offering, 1,810,000 shares of CBD Energy were sold at $4.00 per share. Total proceeds from the Offering were $7,240,000.

26.     The Registration Statement and Prospectus contained the audited consolidated financial statements for fiscal years ended June 30, 2012 (the "2012 Financial Statements") and June 30, 2013 (the "2013 Financial Statements") and unaudited consolidated financial statements for the six month period ended December 31, 2013 ("the December Statements").

27.     The Registration Statement and Prospectus contained material errors related to the Company's accounting treatment of related party transactions for the 2012 Financial Statements, 2013 Financial Statements, and the December Statements all failed to properly disclose related party transactions with Defendant McGowan.

28.     In addition, the Registration Statement and Prospectus contained other material errors for the December Statements failed to properly record: (i) the full (or any) recoverable value in connection with a deposit of approximately $680,000 recorded as a current asset; (ii) approximately £575,000 of capitalized expenditures in connection with the Company's offering of Secured Energy Bonds; (iii) goodwill and impairment; and (iv) certain expenses.

## THE TRUTH EMERGES

29.     On October 24, 2014, the Company issued a press release announcing the non-reliance of and revisions to its previously issued 2012 and 2013 Financial Statements and December Statements, which states in relevant parts:

5

CBD Energy Limited (CBDE) ("CBD") announced today in a filing with the SEC on Form 6-K that the Company, through its Audit Committee, and in concert with PricewaterhouseCoopers, its independent registered public accounting firm, has determined that *its audited Financial Statements for the 2012 and 2013 Fiscal Years, and its unaudited interim financial statements as of and for the six months ended December 31, 2013 (the "December Statements") cannot be relied upon, and revisions are required.*

*In the case of the audited financial statements for Fiscal Years 2012 and 2013, the determination of non-reliance is related solely to uncertainty about the completeness and accuracy of disclosures with respect to related party transactions.* It is anticipated that revisions will impact footnotes to the financial statements, and that no material revisions will be required to be made to the Statements of Operations or Balance Sheets related to those periods.

*With respect to the December Statements, in addition to uncertainty about disclosures of related party transactions, there are also uncertainties as to whether:*

*-   the full (or any) value is recoverable in connection with a deposit of approximately $680,000 recorded as a current asset;*

*-   some or all of approximately £575,000 of expenditures capitalized in connection with the Company's offering of Secured Energy Bonds should have been expensed under the highly technical requirements of AASB139 Financial Instruments: Recognition and Measurement;*

*-  disclosures regarding goodwill were adequate and some impairment should have been recognized;*

*-  certain expenses should have been classified in different categories.*

The Company's Audit Committee is conducting a review of the foregoing issues and the Company is not currently aware of any other accounting errors requiring adjustment to any prior period Financial Statements; however, the possibility remains that adjustments or supplementary disclosures will be required in addition to those noted. As a consequence of the review, the Company expects a delay in completing its audit of 2014 Fiscal Year Financial Statements and to file its annual report on Form 20-F after the regulatory deadline. Nevertheless, the Company intends to do so as soon as practicable.

*Mr. Gerard McGowan, the Company's Executive Chairman and Managing Director, is the potentially related party referenced above, and he proposed to take a voluntary leave for 30 days.* This action was unanimously approved by the Board to avoid any doubt that the Audit Committee could conduct its review in the most expeditious and independent manner. Mr. William Morro, Chairman of

6

the Company's Audit Committee, has also been appointed as non-executive Chairman of CBD.  On an interim basis, the Executive Committee of the Board, also chaired by Mr. Morro, is providing executive guidance and ensuring continuity of decision-making.

Mr. Morro stated, "It is constructive that Gerry has chosen to recuse himself from the business during the Audit Committee review and committed to cooperate fully to facilitate a quick and definitive conclusion to the Audit Committee's assessment and as rapid a completion of the Fiscal Year 2014 audit as possible. In addition, Gerry will be available to the Board and management during his leave to ensure that the ongoing operations of the Company are not disrupted.  The Board is confident that CBD's capable business unit managers on three continents will continue to carry out the Company's strategies and execute on its business plans with minimal disruption during Gerry's leave.  These plans include the ramp-up of residential solar sales in the US, which was kicked off last week with the completion of the first Westinghouse Solar US installation and that business unit's initial recognition of revenue."

(emphasis added)

30. On that same day, the Company filed a Form 6-K with the SEC expounding on the non-reliance of its previously issued 2012 and 2013 Financial Statements and December Statements, which states in relevant parts:

**Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review**

*On October 23, 2014, the Audit Committee, after discussions with PricewaterhouseCoopers ("PwC"), the Company's independent registered public accounting firm, determined that there was sufficient uncertainty about the accuracy of disclosures about related-party transactions involving its Executive Chairman and Managing Director, Mr. McGowan, that its previously issued audited financial statements for the fiscal years ended June 30, 2013 and 2012 should no longer be relied upon.* The Audit Committee is exploring the uncertainties and, if required, the Company will file restated audited financial statements for its 2012 and 2013 fiscal years as soon as practicable. The Company is not currently aware of any accounting errors requiring adjustment to any prior period audited financial statements, however, there can be no assurances that the Company or PwC will not find accounting errors requiring adjustments or amended disclosures applicable to those or earlier periods.

> *On October 23, 2014, the Audit Committee determined that the interim financial statements as of and for the six months ended December 31, 2013 should no longer be relied on because of uncertainty about:*
>
> *- the accuracy of disclosures about related-party transactions occurring during the period and involving Mr. McGowan;*
>
> *- whether there is an expectation of the Company realizing full value or any value from a payment made in December of approximately $680,000 that was recorded as a deposit during the period and included in current assets and, if an impairment is warranted, when that impairment should have been applied;*
>
> *- the adequacy of disclosures regarding goodwill and the possibility that an impairment of goodwill might be appropriate;*
>
> *- whether the capitalization of certain payments related to the costs of issuing retail bonds in the United Kingdom, currently believed by the Company to be, in the aggregate, up to approximately £575,000, was appropriate giving effect to the specific requirements of AASB139 Financial Instruments: Recognition and Measurement and, if not, whether some or all of the amount capitalized should be recognized as an expense during the period;*
>
> *- whether some of the expenses recorded during the period should be classified in different categories; and*
>
> *- whether other provisions and additional expenses that could be material may need to be recognized in the period that cannot be estimated at this time.*

The Audit Committee is exploring the uncertainties affecting the financial statements as of and for the six months ended December 31, 2013 and, if warranted, the Company will disclose adjustments thereto as soon as practicable.

(emphasis added)

31. These announcements shocked the market and caused the price of CBD Energy stock to fall $0.76 per share or over 37% to close at $1.25 per share on October 24, 2014.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all purchasers of common stock of

8

CBD Energy pursuant to and/or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with the Offering and who were damaged thereby (the "Class"). Excluded from the Class are defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

33. The members of the Class are so numerous that joinder of all members is impracticable. Over 1.8 million shares were sold during the Public Offering, which were then actively traded on the NASDAQ. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by CBD Energy or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

36. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the party opposing the Class.

38. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) whether the Exchange Act was violated by defendants as alleged herein;
>
> (b) whether statements made by defendants misrepresented material facts about the business, operations and management of CBD Energy; and
>
> (c) to what extent the members of the Class have sustained damages and the proper measure of damages.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Violation of Section 11 of the Securities Act
### Against All Defendants

40. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.

41. Plaintiff purchased shares of CBD Energy pursuant to CBD Energy's Registration Statement.

42. This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired CBD Energy shares pursuant to or traceable to the Company's Offering. Each Class Member acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus. CBD Energy is the issuer of the securities through the Registration Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement and Prospectus with Defendant McGowan signing on behalf of Defendants Barlow, Botto and Greer pursuant to a power of attorney.

43. Underwriter Defendants owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class.

44. All Defendants owed to the purchasers of the shares obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

45. None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

46. Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public that were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above.  By reason of the conduct alleged herein, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

47. CBD Energy is the issuer of the shares sold via the Registration Statement and Prospectus.  As issuer of Units, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

48. At the times they obtained their shares of CBD Energy, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

49. This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

50. By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants and each of them, jointly and severally.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against Underwriter Defendants

51. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on and does not sound in fraud. This claim is asserted against the Underwriter Defendants ("Second Claim Defendants").

52. Plaintiff purchased CBD Energy shares pursuant to CBD Energy's Prospectus.

53. Underwriter Defendants were sellers, offerors and/or solicitors of sales of the shares offered pursuant to the Registration Statement. The Registration Statement contained untrue statements of material fact and omitted other facts necessary to make the statements not misleading, and failed to disclose material facts, as set forth above.

54. Plaintiff and the other Class members who purchased or otherwise acquired shares pursuant to the materially untrue and misleading Prospectus did not know or, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Registration Statement.

55. The Underwriter Defendants owed to Plaintiffs and the other Class members who purchased or otherwise acquired shares pursuant to the materially false and misleading Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus, to ensure such statements were true and that there was no omission of material fact necessary to prevent the statements contained therein from being misleading. The Underwriter Defendants did not make a reasonable investigation or possess reasonable grounds to believe that the statements contained in the Prospectus were true and without omissions of any material facts and were not misleading. By virtue of the conduct alleged herein, the Underwriter Defendants violated § 12(a)(2) of the Securities Act.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

56. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein. This claim is not based on and does not sound in fraud.

57. This claim is asserted against the Individual Defendants, each of whom was a control person of Chanticleer during the relevant time period.

58. The Individual Defendants were control persons of Chanticleer by virtue of, among other things, their positions as senior officers and directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

59. None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

60. This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after Chanticleer shares was sold to the Class in connection with the Offering.

61. By reason of the misconduct alleged herein, for which CBD Energy is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as CBD Energy pursuant to Section 15 of the Securities Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b) Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 27, 2014

Respectfully submitted,

**PAYNE MITCHELL LAW GROUP**

/s/ R. Dean Gesham

R. Dean Gresham, Esq. (State Bar No. 24027215)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX  75219
Tel: (214) 252-1888
Fax: (214) 252-1889
Email: dean@paynemithcell.com

OF COUNSEL:

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (not admitted)
Laurence M. Rosen, Esq. (not admitted)
275 Madison Avenue, 34th Floor
New York, NY  10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

Counsel for Plaintiff