IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHMMOUD SAKHI, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 4:15-cv-1668 |
| BLUENRGY GROUP LIMITED, f/k/a CBD ENERGY LIMITED, ET AL., | ) | **ARGUMENT REQUESTED** |
| Defendants. | ) | |

**PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4766
Facsimile: (212) 701-5766

VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2198
Facsimile: (713) 615-5920

*Attorneys for Defendant PricewaterhouseCoopers LLP*

# TABLE OF CONTENTS

PAGE

SUMMARY OF ARGUMENTS ........................................................................................1

PROCEDURAL STATEMENT ...................................................................................3

STATEMENT OF THE ISSUES ..................................................................................3

BACKGROUND ..........................................................................................................4

STANDARD OF REVIEW ...........................................................................................6

ARGUMENT ...............................................................................................................7

I. PwC US Did Not Prepare or Certify Any Part of the Offering Documents ........................7

  A. PwC US and PwC Australia Are Separate and Independent Legal Entities............7

  B. PwC Australia—Not PwC US—Made the Challenged Statements ........................8

  C. Statements by PwC Australia Are Not Attributable to PwC US ..........................11

II. Plaintiffs Have Not Sufficiently Alleged that the Challenged Statements Were False .....12

CONCLUSION ...........................................................................................................15

# TABLE OF AUTHORITIES

## CASES

PAGE(S)

*In re Am. Bank Note Holographics Sec. Litig.*,
93 F. Supp. 2d 424 (S.D.N.Y. 2000)....7

*In re Asia Pulp & Paper Sec. Litig.*,
293 F. Supp. 2d 391 (S.D.N.Y. 2003)....12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....6

*In re Doral Fin. Corp. Sec. Litig.*,
563 F. Supp. 2d 461 (S.D.N.Y. 2008)....10

*In re Elan Corp. Sec. Litig.*,
No. 02 Civ. 865(RMB)(FM), 2004 WL 1305845 (S.D.N.Y. May 18, 2004)....7, 11

*Forgione v. Gaglio*,
No. 13 Civ. 9061(KPF), 2015 WL 718270 (S.D.N.Y. Feb. 13, 2015)....10

*Free Enter. Fund v. PCAOB*,
561 U.S. 477 (2010)....10

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011)....10

*Herman & MacLean v. Huddleston*,
459 U.S. 375 (1983)....7

*Ho v. Duoyuan Glob. Water, Inc.*,
887 F. Supp. 2d 547 (S.D.N.Y. 2012)....9, 12

*In re Lehman Bros. Sec. & ERISA Litig.*,
799 F. Supp. 2d 258 (S.D.N.Y. 2011)....12

*In re Lernout & Hauspie Sec. Litig.*,
230 F. Supp. 2d 152 (D. Mass. 2002)....9

*Loofbourrow v. C.I.R.*,
208 F. Supp. 2d 698 (S.D. Tex. 2002)....6

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*,
512 F.3d 137 (5th Cir. 2007) ....................................................................................6

*Newby v. Enron Corp.*,
394 F.3d 296 (5th Cir. 2004) ....................................................................................11

*Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*,
No. 03 Civ. 0613 GBD, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ................................7, 11

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
135 S. Ct. 1318 (2015)....................................................................................4, 13, 14

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) ....................................................................................6, 8

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
351 F. Supp. 2d 334 (D. Md. 2004)..........................................................................11

*In re Royal Dutch/Shell Transp. Sec. Litig.*,
380 F. Supp. 2d 509 (D.N.J. 2005) ..........................................................................8

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
No. 1:12-cv-00993, 2015 WL 3833849 (M.D. Pa. June 22, 2015) ..................................12, 13

*Skidmore Energy, Inc. v. KPMG*,
No. Civ.A.3:03CV2138-B, 2004 WL 3019097 (N.D. Tex. Dec. 28, 2004)............................11

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
365 F.3d 353 (5th Cir. 2004) ....................................................................................14

*In re Velti PLC Sec. Litig.*,
No. 13-cv-03889, 2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) .......................................13, 14

*WesternGeco v. Ion Geophysical Corp.*,
No. 09-cv-1827, 2009 WL 3497123 (S.D. Tex. Oct. 28, 2009) ...............................................6

*In re WorldCom, Inc. Sec. Litig.*,
346 F. Supp. 2d 628 (S.D.N.Y. 2004)..........................................................................7

STATUTES & RULES

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k................................................ *passim*

15 U.S.C. § 7212.........................................................................................................5, 10

Fed. R. Civ. P. 12(b)(6) .......... 1, 6

Fed. R. Evid. 201(b) .......... 10

OTHER AUTHORITIES

AU § 110.01 .......... 13

AU § 110.03 .......... 13

Defendant PricewaterhouseCoopers LLP ("PwC US") respectfully submits this motion to dismiss with prejudice the claims against it in the Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint" or "Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SUMMARY OF ARGUMENTS**

This action arises from a June 2014 public offering of common stock issued by defendant BlueNRGY Group Limited (formerly known as CBD Energy Limited) ("CBD" or the "Company"), an Australian corporation headquartered in Sydney. Plaintiffs assert claims against more than a dozen different defendants, including CBD, its officers and directors, the underwriters of the offering, and PricewaterhouseCoopers ("PwC Australia"), an Australian audit firm that served as CBD's independent auditor, for alleged violations of the Securities Act of 1933. Plaintiffs have also asserted a Section 11 claim against PwC US based on the mistaken, unsupported, and demonstrably incorrect conclusion that PwC US was CBD's independent auditor, even though Plaintiffs themselves and the documents on which they rely make plain that PwC Australia, not PwC US, was CBD's independent auditor.

Accountants may only be sued under Section 11 if they consent to being "named as having prepared or certified any part of the registration statement." 15 U.S.C. § 77k(a)(4). Plaintiffs' claims fail as a matter of law because PwC US did not prepare or certify any part of the registration statement and never gave consent to being named as having done so. PwC US is not named anywhere in the prospectus or registration statement (collectively, the "Offering Documents") issued by CBD. In fact, the only accountant named in the Offering Documents is PwC Australia, a separate and distinct audit firm that *actually* served as CBD's independent auditor. The Offering Documents, CBD's SEC filings, and legally required public filings with

the Public Company Accounting Oversight Board ("PCAOB") all compel the conclusion that PwC US did not issue the audit opinion referenced in the Complaint and made no statements whatsoever in the Offering Documents.

Nor can Plaintiffs plausibly allege that statements by PwC Australia are attributable to PwC US. It is well settled that member firms in an accounting firm network, like PwC US and PwC Australia here, are separate and distinct entities, not branches of a single firm, and their acts may not be attributed to one another. Indeed, the Fifth Circuit and other courts have routinely rejected securities claims against one audit firm in a global network based on the statements or conduct of another. Accordingly, PwC US cannot be liable for Plaintiffs' claims as a matter of law.

Plaintiffs' claims against PwC US also fail for the separate and independent reason that they do not come close to alleging that the audit opinions at issue in the Complaint were false. Courts recognize that the statements in an audit report are statements of opinion. Under the Supreme Court's recent decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, a Section 11 claim based on false statements of opinion requires allegations that those opinions were not honestly believed. Plaintiffs make no such claim as to PwC US, and courts since *Omnicare* have dismissed Section 11 claims based on similar allegations.

In sum, because Plaintiffs have not identified any statement in the Offering Documents prepared or certified by PwC US – much less any actionable one – their claims against PwC US should be dismissed.

## PROCEDURAL STATEMENT

Plaintiffs filed this case on October 27, 2014 in the Eastern District of Texas. At that time, the defendants were CBD, its individual officers and directors, and the underwriters of the 2014 CBD common stock offering at issue. To date, no appearances have been entered on behalf of the individual defendants – all of whom reside in Australia – although Plaintiffs reportedly initiated service of process under the Hague Convention (*see* ECF Doc. No. 24 at 2). CBD also has not appeared in the action: although it was served with process, it reportedly has filed for bankruptcy protection under Australian law (*see id.*).

In June 2015, the case was transferred to this Court, and referred to Magistrate Judge Nancy K. Johnson for all non-dispositive pretrial matters (*see* ECF Doc. Nos. 17, 21). On July 21, 2015, Judge Johnson ordered that amended pleadings be filed by August 13, 2015 (*see* ECF Doc. No. 26). On August 13, Plaintiffs filed an amended complaint against more than a dozen different defendants, including CBD's auditor in Australia (PwC Australia) and PwC US (*see* ECF Doc. No. 27).[1] As with the other Australian-based defendants, Plaintiffs are in the process of serving PwC Australia as well (*see* ECF No. 28).

## STATEMENT OF THE ISSUES

1. Whether Plaintiffs state a claim against PwC US under Section 11 of the Securities Act of 1933 when PwC US neither "prepared [n]or certified any part of the registration statement" underlying Plaintiffs' claims? 15 U.S.C. § 77k(a)(4).

2. Whether Plaintiffs state a Section 11 claim against PwC US based on opinions contained in an audit report without alleging facts showing that PwC US did not

[1] On September 25, 2015, Judge Johnson set a briefing schedule for the filing of motions to dismiss. (ECF Doc. No. 41). Under that schedule, PwC US's deadline for filing a motion to dismiss is October 30, 2015; Plaintiffs' opposition must be filed by December 14, 2015; and PwC US's reply is due January 8, 2016. *Id.*

believe the opinions to be true? *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015).

**BACKGROUND**

The Complaint does not make any cognizable factual allegations against PwC US (referred to in the Complaint as "PWC LLP"). Instead, at the outset, Plaintiffs state that "PWC LLP and PWC Australia are referred to here, collectively, as the 'Auditor Defendants' or 'PWC.'" (Compl. ¶ 32.) Plaintiffs then make various assertions about the conduct of the "Auditor Defendants" (or "PWC"), and list various auditing standards that they vaguely claim were not met because evidence was not found. (Compl. ¶¶ 143-52.) As a result of these alleged shortcomings, Plaintiffs claim the audit report included in the Offering Documents was false in two respects: (1) "because it stated that CBD's Financial Statements accurately represented the Company's operations and financial condition when in fact they did not" (Compl. ¶ 168); and (2) because it "stated that its audits of CBD were conducted in accordance with PCAOB standards when in fact they were not" (*id.* ¶ 169).

Significantly, PwC US is not alleged to have any management, authority, control over, or ownership interest in, PwC Australia (and indeed it has none). Moreover, even in purporting to describe alleged audit failures, the Complaint makes no reference to specific acts or conduct by PwC US or any of its employees, nor any stated basis to attribute any conduct by PwC Australia to PwC US.

Incredibly, the Complaint merely asserts in conclusory fashion that PwC US "provided audit opinions included in the Offering Documents." (*Id.* ¶ 30.) However, this patently false assertion conflicts with the Offering Documents themselves and other publicly available

information, all of which the Court may consider on a motion to dismiss, which confirm that PwC Australia provided all audit opinions included in the Offering Documents. Specifically:

- Although the Complaint states that "the Auditor Defendants" signed a certification contained in the Offering Documents (Compl. ¶ 139), the cited audit report was signed by a single firm, "PricewaterhouseCoopers Sydney Australia";[2]

- Although the Complaint states that "PWC" consented to its audits being included in the Offering Documents" (Compl. ¶ 140), the cited consent was also signed only by "PricewaterhouseCoopers Sydney Australia";[3]

- The Offering Documents identify audit fees paid to "PricewaterhouseCoopers (Australia)" only;[4] and

- CBD's Form 20-F filed with the SEC on June 1, 2015 (by which time CBD was renamed "BlueNRGY," *see* Compl. ¶ 17), stated: "The auditor of BlueNRGY Group Limited is HLB Mann Judd of Level 19, 207 Kent St, Sydney NSW 2000, Australia. *Prior to the appointment of HLB Mann Judd, our auditor was PricewaterhouseCoopers of Darling Park 201 Sussex Street Sydney NSW 2000, Australia*."[5]

That PwC Australia, and not PwC US, prepared and certified the audit opinions included in the Offering Documents is confirmed by the two firms' respective statutory filings with the PCAOB. As required by 15 U.S.C. § 7212, PwC Australia is registered as a public accounting firm with the PCAOB, which lists the headquarters for "PricewaterhouseCoopers" as "Level 1, Darling Park Tower 2, 201 Sussex Street, Sydney, New South Wales 2000."[6] Moreover, PwC Australia's 2014 annual report to the PCAOB on Form 2 – required by 15 U.S.C. § 7212(d) –

---

[2] *See* Prospectus Filed Pursuant to Rule 424(B)(4), CBD Energy Limited, at F-42 (June 12, 2014), *available at* http://www.sec.gov/Archives/edgar/data/1539042/000114420414037917/v381479_424b4.htm (attached as Ex. A); *see also* Form F-1, CBD Energy Limited, at F-42 (June 4, 2014) *available at* https://www.sec.gov/Archives/edgar/data/1539042/000114420414035536/v380342_f1a.htm (attached as Ex. B).

[3] *See* Ex. B at Ex. 23.1.

[4] *See* Ex. A at F-120; Ex. B at F-120.

[5] *See* Form 20-F, BlueNRGY Group Limited, at 117 (June 1, 2015), *available at* http://www.sec.gov/Archives/edgar/data/1539042/000114420415034920/v412015_20f.htm (attached as Ex. C).

[6] *See* PCAOB Registration, Annual and Special Reporting, *available at* https://rasr.pcaobus.org/Firms/FirmSummaryPublic.aspx?FirmID=8D60F4E739E77F13393D707BC60C72D5 (attached as Ex. D).

lists CBD Energy as an issuer for which it issued an audit report.[7] In contrast, PwC US's PCAOB registration demonstrates that it does *not* use the name PricewaterhouseCoopers (or any names other than "PricewaterhouseCoopers LLP" or "Price Waterhouse LLP") to issue audit opinions,[8] and its 2014 annual report to the PCAOB does not list CBD as an issuer for which it issued an audit report.[9]

**STANDARD OF REVIEW**

In deciding a motion to dismiss under Rule 12(b)(6), the Court may "take judicial notice of documents in the public record, including documents filed with the Securities and Exchange Commission." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005).

A complaint should be dismissed "when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)). While the Court must accept well-pleaded facts as true, it need not credit "conclusory allegations or unwarranted deductions of fact," *Loofburrow v. C.I.R.*, 208 F. Supp. 2d 698, 709 (S.D. Tex. 2002) (internal quotations and citations omitted), or "allegations that contradict matters properly subject to judicial notice," *WesternGeco v. Ion Geophysical Corp.*, No. 09-cv-1827, 2009 WL 3497123, at *2 (S.D. Tex. Oct. 28, 2009).

[7] *See* Annual Report Form for Reporting Period Ending 3/31/2014, at 6, *available at* https://rasr.pcaobus.org/Forms/FormSummary.aspx?ID=5BF866B281656E8A0D22CDF8A8F3BD5A ("Form 2") (attached as Ex. E).

[8] *See* PCAOB Registration, Annual and Special Reporting, *available at* https://rasr.pcaobus.org/Firms/FirmSummaryPublic.aspx?FirmID=73A0A9EC6DB314358F313783F650EDFA (attached as Ex. F).

[9] *See* Annual Report Form for Reporting Period Ending 3/31/2014, at 3, *available at* https://rasr.pcaobus.org/Forms/FormSummary.aspx?ID=13D30EAA69197E68A19134B3DB9B0A88 ("Form 2") (attached as Ex. G).

## ARGUMENT

### I. PwC US Did Not Prepare or Certify Any Part of the Offering Documents

Section 11 imposes liability on a limited number of persons and entities for material misstatements or omissions in registration statements filed with the SEC. *See* 15 U.S.C. § 77k; *see also Herman & MacLean v. Huddleston*, 459 U.S. 375, 381-82 & n.13 (1983). For an accountant such as PwC US to be liable under Section 11, it must "consent [to being] named as having prepared or certified" some part of the registration statement. 15 U.S.C. § 77k(a)(4); *see also, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 346 F. Supp. 2d 628, 644-65 (S.D.N.Y. 2004). Even under those circumstances, accountants are liable only for those parts of the registration statement that they, in fact, prepared or certified. *Huddleston*, 459 U.S. at 386 n.22.

Courts dismiss Section 11 claims where, as here, an accountant did not prepare or certify any part of the registration statement. *See, e.g.*, *In re Elan Corp. Sec. Litig.*, No. 02 Civ. 865(RMB)(FM), 2004 WL 1305845, at *12 (S.D.N.Y. May 18, 2004) (dismissing Section 11 claim against KPMG-US with prejudice because KPMG-US's name was "nowhere to be found" in the registration statement and it "never authorized the making of any statement on its behalf"); *accord In re Am. Bank Note Holographics Sec. Litig.*, 93 F. Supp. 2d 424, 437 (S.D.N.Y. 2000) (dismissing Section 11 claim against entity that "did not sign the Registration Statement").

#### A. PwC US and PwC Australia Are Separate and Independent Legal Entities

Plaintiffs ignore what federal courts and the PCAOB have uniformly recognized – that member firms in the PwC global network of firms are separate and independent entities. *See, e.g.*, *Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, No. 03 Civ. 0613 GBD, 2004 WL 112948, at *3 (S.D.N.Y. Jan. 22, 2004) (dismissing claims against PwC US based on conduct of an affiliated firm in Peru because "[m]ember firms in an international accounting association are not part of a single firm and are neither agents nor partners of other member firms simply by

virtue of using the same brand name"); *In re Royal Dutch/Shell Transp. Sec. Litig.*, 380 F. Supp. 2d 509, 571 (D.N.J. 2005) (granting PwC UK's motion to dismiss because the PwC network is not a "unitary, worldwide" firm); Exs. D, F (showing that PwC US and PwC Australia register separately with the PCAOB).

With one exception discussed below, Plaintiffs only allege conduct by the "Auditor Defendants" or "PWC," defined to include *both* PwC US and PwC Australia, as if both firms were a single entity. As a result, Plaintiffs improperly conflate and aggregate PwC US and PwC Australia, with no attempt to allege facts specific to either entity. This failure is fatal to any claim against PwC US.

### B. PwC Australia—Not PwC US—Made the Challenged Statements

The only paragraph in Plaintiffs' 45-page Complaint which specifically mentions PwC US states that PwC US "was the Company's independent auditor at all relevant times" and "provided audit opinions included in the Offering Documents."[10] But the Complaint does not contain any well-pleaded factual allegations to support these unfounded and conclusory assertions, which are flatly contradicted by CBD's SEC filings, the Offering Documents themselves, and other publicly available information of which this Court may take judicial notice. All of these sources establish that PwC Australia – not PwC US – made the challenged statements.

First, Plaintiffs' allegation that PwC US was CBD's independent auditor is belied by CBD's SEC filings, which this Court may consider for purposes of this motion, *see R2 Invs. LDC*, 401 F.3d at 639 n.2, and which unequivocally state that CBD's "auditor was

[10] Notably, the Complaint makes the *exact* same statements about PwC Australia. (*Compare* Compl. ¶ 30 *with id.* ¶ 31.)

PricewaterhouseCoopers of Darling Park 201 Sussex Street Sydney NSW 2000, Australia." (Ex. C at 117.)

Second, Plaintiffs' contention that PwC US "provided audit opinions included in the Offering Documents" is itself contrary to the audit report cited in the Complaint. Although the Complaint asserts that "the Auditor *Defendants*" signed the relevant audit report and the required consent to include the audit report in the Offering Documents (Compl. ¶¶ 139-40 (emphasis added)), in fact, both documents cited by Plaintiffs were signed only by "PricewaterhouseCoopers Sydney, Australia." (*See* Ex. A at F-42, Ex. B at F-42, Ex. 23.1.)

Even if CBD's 2014 Form 20-F were insufficient to prove that these referred exclusively to PwC Australia, the "Sydney, Australia" signature on the Offering Documents is a separate and independent basis to conclude at this stage that *PwC US* did not sign the audit report. *See Ho v. Duoyuan Global Water, Inc.*, 887 F. Supp. 2d 547, 576-77 (S.D.N.Y. 2012) (dismissing securities claims against Grant Thornton International ("GTI") where "Hong Kong" was written several lines below the signature "Grant Thornton" on audit documents and Plaintiffs did not plead sufficient facts for the claim that the signature by "Grant Thornton" was attributable to GTI rather than Grant Thornton – Hong Kong); *see also In re Lernout & Hauspie Sec. Litig.*, 230 F. Supp. 2d 152, 173 (D. Mass. 2002) (KPMG International was not liable for statements made by KPMG Belgium based in part on the fact that plaintiffs did not "allege that any of the audit reports bore the name or logo of KPMG International, *or any signature other than that of KPMG Belgium*" (emphasis added)). There is no signature on the audit report or anywhere in the Offering Documents that provides any basis to conclude that PwC US issued any opinions.

On the contrary, the Offering Documents include a section entitled "Auditors' remuneration," which lists amounts paid or owed to "PricewaterhouseCoopers (Australia)," with

no corresponding disclosure for any payments made to PwC US or, for that matter, any other member of the PricewaterhouseCoopers network. *See* Ex. A at F-120; Ex. B at F-120; *cf. In re Doral Fin. Corp. Sec. Litig.*, 563 F. Supp. 2d 461, 466 (S.D.N.Y. 2008) (that PricewaterhouseCoopers LLP received audit fees from Doral Financial Corp. showed "that [PricewaterhouseCoopers LLP] was Doral's auditor").

Third, legally required filings with the PCAOB – which the Court may consider on a motion to dismiss[11] – confirm that PwC Australia, and not PwC US, made the challenged statements. In relying on alleged violations of PCAOB standards to support their securities laws claims (*e.g.*, Compl. ¶¶ 142, 144), Plaintiffs ignore that the PCAOB itself acknowledges that the "PricewaterhouseCoopers" that audited CBD was the Australian firm, not PwC US. PwC Australia's PCAOB public registration information lists the same address given in CBD's 2014 Form 20-F, (*compare* Ex. C at 117 *with* Ex. D), and its 2014 annual report pursuant to 15 U.S.C. § 7212(d) lists CBD Energy as an issuer for which it issued an audit report (*see* Ex. E at 6). By contrast, PwC US's PCAOB registration demonstrates that it does *not* use the name "PricewaterhouseCoopers" to issue audit opinions (*see* Ex. F), and it did not list CBD as an issuer for which it issued an audit report (*see* Ex. G).

PwC US thus did not make, prepare, or certify any statements in the Offering Documents, and responsibility, if any, for the statements therein lies only with PwC Australia.

[11] On a motion to dismiss, the Court may take judicial notice of publicly available documents and "matters of public record directly relevant to the issue[s] at hand." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The PCAOB is an organization established by federal law, *see Free Enter. Fund v. PCAOB*, 561 U.S. 477, 484-85 (2010), and information provided to the PCAOB pursuant to federal statute and made available online by the PCAOB are matters of public record that should be regarded as reliable and subject to judicial notice by this Court. *See* Fed. R. Evid. 201(b); *see also, e.g.*, *Forgione v. Gaglio*, No. 13 Civ. 9061(KPF), 2015 WL 718270, at *17 (S.D.N.Y. Feb. 13, 2015) (taking judicial notice of publicly available documents maintained online by FINRA).

**C. <u>Statements by PwC Australia Are Not Attributable to PwC US</u>**

Although Plaintiffs do not allege that statements by PwC Australia are attributable to PwC US, doing so would be futile.

In addition to the well-established rule that member firms of a worldwide network of accounting firms are separate legal entities, *see supra* I.A, the Fifth Circuit has recognized that mere statements or conduct by one member firm is not attributable to another. *See Newby v. Enron Corp.*, 394 F.3d 296, 308-09 (5th Cir. 2004) (foreign Arthur Andersen entity was not liable for the actions of the US member firm); *see also Skidmore Energy, Inc. v. KPMG*, No. Civ.A.3:03CV2138-B, 2004 WL 3019097, at *5 (N.D. Tex. Dec. 28, 2004) (Plaintiffs failed to state a claim against KPMG LLP based on the actions of its Moroccan member firm); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 385 n.41 (D. Md. 2004) ("It is well recognized that '[m]ember firms in an international accounting association are not part of a single firm and are neither agents nor partners of other member firms simply by virtue of using the same brand name.'" (quoting *Nuevo Mundo Holdings*, 2004 WL 112948, at *3)).

As a result, courts have routinely granted motions to dismiss under nearly identical circumstances, where plaintiffs seek to hold a US member firm liable under the securities laws for statements made or prepared by other member firms within the same network. For instance, in *Elan Corporation*, the court dismissed Section 11 claims against KPMG US "because KPMG-US's name is not mentioned in the . . . Registration Statement, or any of the documents incorporated by reference," while, in contrast, "KPMG-Ireland was Elan's independent auditor and it did certify the financial statements." *In re Elan Corp. Sec. Litig.*, 2004 WL 1305845, at *12-13. Similarly, in *Ho*, the court dismissed Section 10(b) and Section 11 claims against one Grant Thornton member firm where another member firm performed the relevant audits, explaining that "reliance on the shared use of the brand name 'Grant Thornton' does not

sufficiently support a showing that Grant Thornton International LTD was the entity that audited DGW." *Ho*, 887 F. Supp. 2d at 577; *see also, e.g.*, *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 396 (S.D.N.Y. 2003) (dismissing securities fraud claim against Arthur Andersen member firm for conduct of Andersen Singapore based on the "'one-firm,' unified company theory, which has been rejected by courts"). Accordingly, Plaintiffs' allegations against PwC Australia cannot legally be imputed to PwC US.

## II. Plaintiffs Have Not Sufficiently Alleged that the Challenged Statements Were False

As shown above, PwC US did not prepare or certify any part of the Offering Documents, including the two statements in the audit report that Plaintiffs allege were false. The challenged statements are nonetheless statements of opinion, and the Supreme Court has made clear that for such statements to be false under Section 11, they must have been subjectively disbelieved by the speaker – an allegation that Plaintiffs do not and cannot make. Their claims thus fail for this separate and independent reason.

Plaintiffs purport to plead a Section 11 claim against PwC US on the basis of two allegedly false statements included in the audit reports: (1) "that CBD's Financial Statements accurately represented the Company's operations and financial condition" and (2) that the audits "were conducted in accordance with PCAOB standards." (Compl. ¶¶ 168-69.) Numerous cases have held that both of these statements are statements of opinion rather than statements of fact. *See, e.g.*, *In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 300-01 (S.D.N.Y. 2011) (a statement that an audit was conducted in conformance with PCAOB standards is a statement of opinion); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2015 WL 3833849, at *33-34 (M.D. Pa. June 22, 2015) ("*SEPTA*") (evaluating substantially similar statements that "the financial statements . . . present fairly, in all material aspects, the financial

position of [the company]" and "that its audit reports were presented . . . in compliance with PCAOB standards" as statements of opinion (internal quotations and citations omitted)).[12]

Plaintiffs cannot – and, in fact, make no attempt to – meet the pleading standard for false statements of opinion set forth in the Supreme Court's recent decision in *Omnicare*. In *Omnicare*, the Supreme Court held that a statement of opinion is actionable under Section 11's "untrue statement of a material fact" clause only if the speaker did not "actually hold[] the stated belief" or if the opinion contained an embedded statement of untrue material fact. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S.Ct. 1318, 1321, 1326 (2015).[13] Yet, the Complaint is entirely devoid of factual allegations to support a claim that PwC US did not subjectively believe the statements contained in the audit report.

In the few months since *Omnicare* was decided, federal courts have dismissed Section 11 claims because similar allegations were insufficient to plead falsity. *See In re Velti PLC Sec. Litig.*, No. 13-cv-03889, 2015 WL 5736589, at *18 (N.D. Cal. Oct. 1, 2015); *SEPTA*, 2015 WL 3833849, at *33. Indeed, Plaintiffs' claims here are facially inconsistent with any theory of subjective disbelief, as they *expressly disclaim* any allegation of fraud. (Compl. ¶ 163 ("This

---

[12] The very PCAOB standards that Plaintiffs cite throughout their complaint confirm that an auditor can express only an *opinion* on an issuer's financial statements. *See* AU § 110.03 ("The financial statements are management's responsibility. The auditor's responsibility is to express an opinion on the financial statements."); *id.* § 110.01 ("The objective of the ordinary audit of financial statements by the independent auditor is the expression of an opinion on the fairness with which they present . . . The auditor's report is the medium through which he expresses his opinion or, if circumstances require, disclaims an opinion. In either case, he states whether his audit has been made in accordance with generally accepted auditing standards. These standards require him to state whether, in his opinion, the financial statements are presented in conformity with generally accepted accounting principles and to identify those circumstances in which such principles have not been consistently observed in the preparation of the financial statements of the current period in relation to those of the preceding period.").

[13] Notably, Plaintiffs do not allege that the "Auditor Defendants" *omitted* to state a material fact from the referenced audit opinions; but that claim would fail in any event. Under *Omnicare*, a statement of opinion can subject a defendant to liability if it "omits material facts about the issuer's inquiry into or knowledge concerning a statement of opinion; and if those facts conflict with what a reasonable investor would take from the statement itself." 135 S. Ct. at 1329. Plaintiffs offer nothing more than conclusory allegations that the Auditor Defendants must have been negligent or not acted in accordance with PCAOB standards because they did not find harmful evidence. (Compl. ¶¶ 143-52.) They fail "to identify actual and material steps taken or not taken [by PwC US] or knowledge it did or did not have in the [alleged] formation of its opinion." *SEPTA*, 2015 WL 3833849, at *34.

claim is not based on and does not sound in fraud.").) As courts have recognized, by doing so, Plaintiffs have "effectively pleaded themselves out of stating a claim under Section 11's false-statements clause." *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *18; *see also Omnicare*, 135 S. Ct. at 1327 ("[Plaintiffs] do not contest that [defendant's] opinion was honestly held. Recall that their complaint explicitly 'excludes and disclaims' any allegation sounding in fraud or deception." (internal citations and alterations omitted)). Nor could Plaintiffs have sufficiently alleged fraud by PwC US given that their allegations relate to the "Auditor Defendants" or "PWC" collectively, with no specific allegations as to PwC US. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("[W]e do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded.").

Thus, Plaintiffs' claims also fail as a matter of law under *Omnicare*.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' claims against PwC US should be dismissed with prejudice.

DATED: October 30, 2015

Respectfully submitted,

Michael S. Flynn
Michael Scheinkman
Daniel A. Spitzer
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4766
Facsimile: (212) 701-5766

*/s/ Jeffrey S. Johnston*
Jeffrey S. Johnston
Matthew C. Hoffman
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2198
Facsimile: (713) 615-5920

*Attorneys for Defendant PricewaterhouseCoopers LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 30, 2015, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing motion and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Jeffrey S. Johnston*
Jeffrey S. Johnston

*Attorney for Defendant*
*PricewaterhouseCoopers LLP*