**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MAHMMOUD SAKHI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>BLUENRGY GROUP LIMITED f/k/a CBD ENERGY LIMITED, ET AL.,<br><br>Defendants. | Case No. 4:15-cv-01668 (GHM)<br><br>Oral Argument Requested |

**DEFENDANT PRICEWATERHOUSECOOPERS AUSTRALIA'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**


| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700 | HAYNES AND BOONE, LLP<br>One Houston Center<br>1221 McKinney, Suite 2100<br>Houston, Texas 77010<br>Telephone: (713) 547-2000<br>Facsimile: (713) 547-2600 |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT AND SUMMARY OF THE ARGUMENT ..... 1

FACTUAL BACKGROUND ..... 2

NATURE AND STAGE OF PROCEEDINGS ..... 5

STATEMENT OF THE ISSUE ..... 6

LEGAL STANDARD ..... 6

ARGUMENT ..... 7

I. PLAINTIFFS FAILED TO ALLEGE THAT THE CHALLENGED STATEMENTS OF OPINION WERE FALSE. ..... 7

A. The Statements by PwC Australia Challenged in the Amended Complaint Are Statements of Opinion ..... 8

B. Plaintiffs Do Not Allege That PwC Australia Did Not Subjectively Believe the Opinions It Stated. ..... 11

CONCLUSION ..... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .....6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .....6, 7

*Buttonwood Tree Value Partners, LP v. Sweeney*, No. 10-cv-00537-CJC, 2012 WL 2086607 (C.D. Cal. June 7, 2012) .....10, 11

*Dawson v. Bank of America, N.A.*, 605 F. App'x 263 (5th Cir. 2015) .....6

*Drabkin v. Alexander Grant & Co.*, 905 F.2d 453 (D.C. Cir. 1990) .....12

*In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*, No. 08-Civ.-4772-(LTS)(DCF), 2013 WL 1787567 (S.D.N.Y. Apr. 26, 2013) .....13

*In re China Valves Tech. Sec. Litig.*, 979 F. Supp. 2d 395 (S.D.N.Y. 2013) .....10, 11

*In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504 (S.D. Tex. 2011) .....6, 7

*In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258 (S.D.N.Y. 2011) .....11

*In re N. Am. Acceptance Corp. Sec. Cases*, 513 F. Supp. 608 (N.D. Ga. 1981) .....12

*In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860 (S.D. Tex. 2001) .....9

*In re Velti PLC Sec. Litig.*, No. 13-cv-03889-WHO, 2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) .....13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) .....7

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318 (2015) ..... passim

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854 (5th Cir. 2003) .....6

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2015 WL 3833849 (M.D. Pa. June 22, 2015) .....10, 11

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 419-21 (S.D.N.Y. 2014) .....10

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) .....7

**Statutes & Rules**

15 U.S.C. § 7262(b) .......... 10

Fed. R. Civ. P. 12(b)(6) .......... 1, 6

Securities Act of 1933 § 11, 15 U.S.C. § 77k .......... passim

Securities Act of 1933 § 12, 15 U.S.C. § 77*l* .......... 8

**Other Authorities**

PCAOB Auditing Standard No. 1 .......... 10

PCAOB Auditing Standard No. 5 .......... 10

Statement of Auditing Standards No. 1, AU § 110.03 .......... 9, 10

Defendant PricewaterhouseCoopers, an Australian partnership ("PwC Australia"), respectfully submits this motion to dismiss the Amended Class Action Complaint (the "Amended Complaint" or "Am. Compl.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT AND SUMMARY OF THE ARGUMENT

Plaintiffs assert a claim against PwC Australia under Section 11 of the Securities Act of 1933, based on PwC Australia's audit opinion contained in the Registration Statement for a public offering of stock made by CBD Energy Limited ("CBD") in June 2014 (the "Offering"). At the time, PwC Australia was the auditor for CBD, an Australian renewable-energy company. Plaintiffs assert that the audit report by PwC Australia contained in CBD's Registration Statement was false in two respects: (1) "because it stated that CBD's Financial Statements accurately represented the Company's operations and financial condition when in fact they did not" (Am. Compl. ¶ 168); and (2) because PwC Australia "stated that its audits of CBD were conducted in accordance with [Public Company Accounting Oversight Board (United States) ("PCAOB")] standards when in fact they were not" (*id.* ¶ 169).

Plaintiffs' claim against PwC Australia fails for one simple reason: the statements by PwC Australia are pure opinions, and Plaintiffs do not allege that PwC Australia did not believe those opinions at the time of the Offering. Statements of pure opinion are only false if the speaker did not sincerely hold such opinion at the time of the statement. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1325-27 (2015). The statements by PwC Australia in its audit report are opinions because, on their face, the statements are characterized as an "opinion" and a "belief" and because, by their nature, they require subjective judgment. (*See* Part I.A below.) Under *Omnicare*, a statement of opinion is actionable only if the auditor did not "actually hold[] the stated belief" at the time. 135 S. Ct. at 1326. Here, not only do Plaintiffs fail to allege that PwC Australia did not sincerely hold the

opinions it gave at the time it made the statements, but Plaintiffs repeatedly allege that PwC Australia was negligent in not discovering information earlier—as opposed to alleging that PwC Australia knew the opinions were false when stated—and Plaintiffs expressly disclaim that their Section 11 claim sounds in fraud. (*See* Part I.B below.) Accordingly, Plaintiffs' claim against PwC Australia should be dismissed in its entirety.

## FACTUAL BACKGROUND

CBD was an Australian corporation, with its principal offices in Sydney, Australia, operating in the renewable energy sector. On June 4, 2014, CBD filed with the SEC the Registration Statement for the Offering at issue. (Am. Compl. ¶ 34.) CBD had a June 30 fiscal year. The Registration Statement included CBD's fiscal 2013 financial statements (at and for the year ended June 30, 2013) (the "2013 Financial Statements") and comparative financial statements for fiscal 2012, along with PwC Australia's audit report on the 2013 Financial Statements, dated December 20, 2013. (Registration Statement at F-42 to F-46.)[1] While the Registration Statement also included CBD's financial statements for the six months ended December 30, 2013, Plaintiffs acknowledge that those financial statements were unaudited. (Am. Compl. ¶ 41.)

In its audit report, PwC Australia gave its opinion that CBD's 2013 Financial Statements were fairly presented. Specifically, PwC Australia stated:

> "***In our opinion***, the accompanying consolidated statement of financial position and the related consolidated statement of comprehensive income, of changes in equity and of cash flows present fairly, in all material respects, the financial position of CBD Energy Limited and its subsidiaries at June 30, 2013 and the results of their operations and their cash flows for the year ended June 30, 2013 in conformity with International Financial Reporting Standards as issued by the International Accounting Standards Board. These financial statements are the

---

[1] Plaintiffs expressly incorporate the Registration Statement and the Prospectus into their Amended Complaint. (Am. Compl. ¶ 1 n.1.) The Registration Statement is attached as Exhibit A to the accompanying Declaration of Odean L. Volker.

> responsibility of the Company's management. Our responsibility is ***to express an opinion*** on these statements based on our audit." (Registration Statement at F-42 (emphasis added).)

PwC Australia also expressed its belief that it had conducted its audit in compliance with the applicable standards. In this respect, PwC Australia stated:

> "We conducted our audit of these statements in accordance with the standards of the Public Company Accounting Oversight Board (United States). Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements, assessing the accounting principles used and significant estimates made by management, and evaluating the overall financial statement presentation. ***We believe*** that our audit provides a reasonable basis for ***our opinion.***"

(*Id.* (emphasis added) (quoted in Am. Compl. ¶ 139).) On June 3, 2014, PwC Australia consented to the inclusion of its audit report in the Registration Statement. (*Id.*, Ex. 23.1; *see also* Am. Compl. ¶ 140.)

The 2013 Financial Statements audited by PwC Australia disclosed that CBD was in weak financial condition. For example, the income statement showed a net loss of A$12.26 million in fiscal 2013 (on revenues of A$64.699 million). (Registration Statement at F-43.) In its audit report, PwC Australia stated: "As discussed in Note 2 to the financial statements, the Company has experienced recurring losses from operations and the uncertainty of financing or other alternative liquidity sources that raise substantial doubt about its ability to continue as a going concern." (*Id.* at F-42.) CBD in the Registration Statement told prospective investors they would be subject to a "high degree of risk", notably risks created by CBD's "[w]eak financial condition". (*Id.* at 5; *see also id.* at 10-39 (listing risk factors).) Nevertheless, Plaintiffs and others chose to buy CBD shares, and CBD raised US$7.24 million in the Offering. (Am. Compl. ¶ 38.)

Several months after completion of the Offering, PwC Australia informed the audit committee of the CBD board of directors that, in the course of conducting the fiscal 2014 audit, PwC Australia had discovered material weaknesses in CBD's internal control over financial reporting, as well as potential irregularities involving CBD's chief executive officer,[2] Gerard McGowan. As Plaintiffs allege:

> "The Audit Committee received notices from PwC that PwC has identified material weaknesses in financial controls and had identified the possibility of misconduct and contraventions of the Australian Corporations Act 2001 (Cth) (the 'Act') by the Company and involving the Company's Executive Chairman and Managing Director, Mr. McGowan." (Am. Compl. ¶ 84 (quoting Form 20-F, filed June 1, 2015, at 101).)

On October 24, 2014, CBD announced that its previously issued financial statements "cannot be relied upon". (Am. Compl. ¶ 85 (quoting Form 6-K, filed Oct. 24, 2014, Ex. 99.3).) As to the 2012 and 2013 Financial Statements, audited by PwC Australia, "the determination of non-reliance is related solely to uncertainty about the completeness and accuracy of disclosures with respect to related party transactions" between CBD and Mr. McGowan. (*Id.*) The only material revisions to the balance sheet or the income statement of which CBD knew at the time involved the unaudited financial statements for the six months ended December 30, 2013. (*Id.*) Concurrent with the disclosure, Mr. McGowan took a leave of absence. (*Id.* ¶¶ 85, 99.)

On November 10, 2014, PwC Australia resigned as CBD's auditor. (*Id.* ¶ 98.) PwC Australia did not complete its audit of CBD's fiscal 2014 financial statements, and never issued an opinion for that period. On November 14, 2014, CBD filed in Australia for voluntary administration, which is similar to bankruptcy in the United States. (*Id.* ¶ 101.) CBD then retained a new auditor, HLB Mann Judd, and on June 1, 2015, filed with the SEC its 2014 financial statements. (*Id.* ¶ 107.) That Form 20-F filing included a restatement of the 2012 and

[2] "Managing director" is a term sometimes used in Australia to refer to a corporation's chief executive officer.

2013 Financial Statements, based on information developed after the time of the October 24, 2014 announcement. (*See id.* ¶¶ 87, 107.) The effect of the restatement was to decrease CBD's reported loss for fiscal 2013 but increase CBD's reported loss for fiscal 2012. (*See id.* ¶¶ 90, 94, Exs. 4, 6.) CBD emerged from voluntary administration on January 27, 2015 (*id.* ¶ 101), and changed its name on March 19, 2015, to BlueNRGY Group Limited (*id.* ¶ 106).

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed this action in the Eastern District of Texas on October 27, 2014, bringing claims on behalf of a putative class of all persons who purchased ordinary shares of CBD stock pursuant or traceable to the Offering Documents between June 13 and October 24, 2014. (ECF No. 1, ¶ 1; *see also* Am. Compl. ¶ 1.) On May 19, 2015, the action was transferred to this District. (ECF No. 16.) On June 29, 2015, the Court appointed Mahmmoud Sakhi as Lead Plaintiff. (ECF No. 22.) On August 13, 2015, Plaintiffs filed an Amended Complaint (ECF No. 27), adding both PricewaterhouseCoopers LLP ("PwC U.S.") and PwC Australia as defendants. (Am. Compl. ¶¶ 30-31.) PwC U.S. is a Delaware limited liability partnership that does business in the United States. On October 30, 2015, PwC U.S. moved to dismiss the claim against it on the ground that it was not CBD's auditor, did not make any report included in the Registration Statement, and was wrongly named as a defendant. (ECF No. 46.) PwC Australia is an Australian partnership and is registered as a public accounting firm, with its principal offices in Sydney, Australia.

On November 24, 2015, in response to PwC U.S.'s motion to dismiss, Plaintiffs filed a motion for leave to file a second amended complaint. (ECF No. 51.) On November 27, 2015, PwC Australia entered an appearance and, after conferring with Plaintiffs' counsel, petitioned the Court for an unopposed motion for extension of time to respond to the Amended Complaint due to the then pending motion for leave to amend. (ECF No. 52.) On December 3,

2015, the Court granted PwC Australia's motion, directing that PwC Australia's answer or response would be postponed until 21 days after the ruling on the motion to amend. (ECF No. 56.) On January 20, 2016, the Court denied Plaintiffs' motion to amend the complaint. (ECF No. 64.) The next day, Plaintiffs agreed to dismiss PwC U.S. with prejudice. (ECF No. 65.)

PwC Australia now moves to dismiss the only claim asserted against it, under Section 11 of the Securities Act, 15 U.S.C. § 77k, in accordance with the Court's scheduling order. (ECF No. 68.)

## STATEMENT OF THE ISSUE

Whether Plaintiffs state a Section 11 claim against PwC Australia based on PwC Australia's statements of opinion in its audit report on CBD's financial statements without alleging that PwC Australia did not sincerely hold those opinions at the time the statements were made. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1325-27 (2015).[3]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss must be granted where the complaint does not state a claim for "relief that is plausible on its face". *Dawson v. Bank of America, N.A.*, 605 F. App'x 263, 265 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).[4] The plaintiff must "raise a right to relief above the speculative level". *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 517 (S.D. Tex. 2011) (quoting

[3] PwC Australia also joins in Part III.A of the Underwriters' Motion to Dismiss (ECF No. 45), which demonstrates that Lead Plaintiff Mahmmoud Sakhi has not adequately alleged that the CBD shares he purchased are traceable to the Offering, as required by *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 873 (5th Cir. 2003).

[4] In accordance with Judge Miller's Court Procedure 7.B(1), copies of cases not found in the reporters listed therein are attached as Exhibit 1 to this motion, in the order listed on Table of Authorities.

*Twombly*, 550 U.S. at 555). The plausibility requirement applies to claims, as here, under the Securities Act of 1933. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). While the Court must accept well-pleaded factual allegations as true, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *In re Enron*, 761 F. Supp. 2d at 517 (quoting *Twombly*, 550 U.S. at 555). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations and internal quotation marks omitted).

## ARGUMENT

### I. PLAINTIFFS FAILED TO ALLEGE THAT THE CHALLENGED STATEMENTS OF OPINION WERE FALSE.

Plaintiffs fail to plead an actionable misstatement by PwC Australia, because they nowhere allege that PwC Australia did not believe its audit report at the time that report was issued. The United States Supreme Court has held that a statement of opinion is not actionable merely because it later turns out to be incorrect. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1325-27 (2015). Such a statement is a misrepresentation only if the speaker did not sincerely hold the opinion at the time. *Id.* at 1326.

The statements by PwC Australia challenged in the Amended Complaint are statements of opinion. Plaintiffs have not alleged that PwC Australia did not honestly believe its audit opinions when they were issued, and therefore have failed to plead an actionable misstatement.

### A. The Statements by PwC Australia Challenged in the Amended Complaint Are Statements of Opinion.

In *Omnicare,* 135 S. Ct. 1318, a case (like this one) brought under Section 11 of the Securities Act, the Supreme Court clarified the distinction between facts and opinions. The Court held that "a sincere statement of pure opinion is not an 'untrue statement of material fact', regardless whether an investor can ultimately prove the belief wrong". *Id.* at 1327. The statutory requirement that there be an "untrue statement of material fact" prevents investors from "second-guess[ing] inherently subjective and uncertain assessments". *Id.* The Court distinguished statements of fact from statements of opinion based on the form of words used, and held that the use of words such as "I believe" and "I think" indicates that the speaker is expressing "a view, not a certainty". *Id.* at 1326. As an illustration, the Court explained that "the coffee is hot" is a statement of fact, but "I think the coffee is hot" is a statement of opinion. *Id.* at 1325.

The statements in PwC Australia's audit report are pure opinions. Plaintiffs base their claim against PwC Australia on its "report included in the Offering Documents".[5] (Am. Compl. ¶ 167.) Plaintiffs contend that PwC Australia's report was false in two respects: (1) "it stated that CBD's Financial Statements accurately represented the Company's operations and financial condition when in fact they did not" (*id.* ¶ 168); and (2) PwC Australia "stated that its audits of CBD were conducted in accordance with PCAOB standards when in fact they were not" (*id.* ¶ 169).

[5] Plaintiffs define the "Offering Documents" as the Registration Statement and the Prospectus. (Am. Compl. ¶ 1.) A Section 11 claim can be based only on a report included in the registration statement. Securities Act of 1933 § 11(a)(4), 15 U.S.C. § 77k(a)(4). Statements in the prospectus can be the basis only for a Section 12 claim, *see* Securities Act of 1933 § 12(a)(2), 15 U.S.C. § 77*l*(a)(2), which Plaintiffs do not assert against PwC Australia (and could not, as PwC Australia did not offer or sell a security).

Both of these statements by PwC Australia were statements of opinion. Under *Omnicare*, it is essential to begin by examining the form of words used. While Plaintiffs (remarkably) do not quote the first statement anywhere in their Amended Complaint, they expressly incorporate the Registration Statement by reference. (Am. Compl. ¶ 1 n.1.)[6] The two challenged statements by PwC Australia are:

> "***In our opinion***, the accompanying consolidated statement of financial position and the related consolidated statement of comprehensive income, of changes in equity and of cash flows present fairly, in all material respects, the financial position of CBD Energy Limited and its subsidiaries at June 30, 2013 . . . . Our responsibility is ***to express an opinion*** on these financial statements based on our audit.";

and

> "We conducted our audit of these statements in accordance with the standards of the Public Company Accounting Oversight Board (United States). . . . ***We believe*** that our audit provides a reasonable basis for ***our opinion***."

(Registration Statement at F-42 (emphasis added) (quoted in part in Am. Compl. ¶ 139).) Statements such as these that use the words "[i]n our opinion" or "[w]e believe" are, on their face, statements of opinion. *See Omnicare*, 135 S. Ct. at 1326.

PwC Australia's statement about CBD's 2013 Financial Statement was couched expressly as an opinion. PwC Australia stated: "***In our opinion***, [the 2013 Financial Statements] present fairly, in all material respects, the financial position of CBD Energy Limited and its subsidiaries at June 30, 2013 . . . ." (Registration Statement at F-42 (emphasis added).) Indeed, the very auditing standards on which Plaintiffs rely make clear that, as an auditor, PwC Australia's "responsibility for the financial statements [it] audited is confined to the expression of [its] opinion on them". (Statement of Auditing Standards No. 1, Auditing Standards

---

[6] *See also In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 883 (S.D. Tex. 2001) ("The Fifth Circuit recognizes the incorporation-by-reference doctrine.").

("AU") § 110.03.)[7] Courts have made clear that statements regarding the fair presentation of financial statements are statements of opinion. *See Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2015 WL 3833849, at *33-34 (M.D. Pa. June 22, 2015); *In re China Valves Tech. Sec. Litig.*, 979 F. Supp. 2d 395, 413 (S.D.N.Y. 2013); *Buttonwood Tree Value Partners, LP v. Sweeney*, No. 10-cv-00537-CJC, 2012 WL 2086607, at *2 (C.D. Cal. June 7, 2012).

PwC Australia's statement about its own audit was similarly couched as an opinion, as is evident from the use of the words "we believe": "***We believe*** that our audit provides a reasonable basis for ***our opinion.***" (Registration Statement at F-42 (emphasis added).) PwC Australia's statement that it "conducted [its] audit[s] . . . in accordance with the standards of the [PCAOB]" (*id.*) is also a statement of opinion, because it requires inherently judgmental decisions interpreting the auditing standards and applying those standards to the circumstances of the particular audit. In other words, PwC Australia's statement expresses a view or a belief, not a certainty. That is evident in the very standards on which Plaintiffs rely.[8] For example: "Most of the independent auditor's work in forming his or her opinion on financial

[7] The auditing standards are available at http://www.aicpa.org/Research/Standards/AuditAttest/Pages/SAS.aspx, and section 110 is attached as Exhibit 2 to this motion. Plaintiffs rely in their Amended Complaint on the same paragraph, Statement of Auditing Standards No. 1, AU § 110.03. (*See* Am. Compl. ¶ 53 (incorrectly citing the standard as AU § 110.02).)

[8] PwC Australia's audit report refers to the standards of the PCAOB. The PCAOB standards in turn incorporate the Generally Accepted Auditing Standards ("GAAS"), issued by the American Institute of Certified Public Accountants ("AICPA"). *See* PCAOB Auditing Standard No. 1, *available at* http://pcaobus.org/Standards/Auditing/Pages/Auditing_Standard_1.aspx (attached as Exhibit 2 to this motion); *see also Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 419-21 (S.D.N.Y. 2014) (analyzing compliance with the standards of the PCAOB by reference to GAAS standards). For this reason, Plaintiffs rely in their Amended Complaint on allegations about GAAS. (*See* Am. Compl. ¶¶ 141-152.)

At one point, Plaintiffs mistakenly rely on PCAOB Auditing Standard No. 5, *An Audit of Internal Control over Financial Reporting That Is Integrated with an Audit of Financial Statements*. (Am. Compl. ¶ 142.) As an "emerging growth company" under the Jumpstart Our Business Startups Act ("JOBS Act"), CBD was exempt from the requirement of having an auditor attestation on internal control over financial reporting. 15 U.S.C. § 7262(b). CBD disclosed in the Registration Statement that PwC Australia was not providing this attestation. (Registration Statement at 24.) Nothing in this motion, however, turns on that fact..

statements consists of obtaining and evaluating evidential matter concerning the assertions in such financial statements.'" (Am. Compl. ¶ 141 (quoting AU § 326.02).) Due to the numerous judgments involved in conducting an audit, courts have held that an auditor's "statement regarding GAAS compliance inherently [is] one of opinion". *In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 302 (S.D.N.Y. 2011); *Orrstown Fin. Servs.*, 2015 WL 3833849, at *33-34; *In re China Valves Tech.*, 979 F. Supp. 2d at 413; *Buttonwood Tree Value Partners*, 2012 WL 2086607, at *2.

Accordingly, the statements by PwC Australia that Plaintiffs challenge are statements of opinion.

### B. Plaintiffs Do Not Allege That PwC Australia Did Not Subjectively Believe the Opinions It Stated.

In *Omnicare*, the Court held that a statement of opinion can be a false statement only where the speaker does not genuinely hold the opinion. 135 S. Ct. at 1326.[9] The Court explained that "every such statement [of opinion] explicitly affirms one fact: that the speaker actually holds the stated belief." *Id.* Therefore, liability may lie only where a plaintiff alleges that the speaker did not hold the stated belief.

---

[9] In *Omnicare*, the Supreme Court held that a sincerely believed statement of opinion may nonetheless be actionable under Section 11 if the speaker omits a material fact, the omission of which would render the statement misleading to a reasonable investor. 135 S. Ct. at 1327-32. In order to state a claim for an actionable omission regarding an opinion statement under § 11 of the Securities Act, a complaint "must identify particular (and material) facts going to the basis of the issuer's opinion . . . whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context". *Id.* at 1332. In *Omnicare*, the Court remanded for the lower courts to determine whether the complaint stated a viable omissions claim, warning that "recitation of the statutory language . . . is not sufficient; neither is the [plaintiffs'] conclusory allegation that Omnicare lacked 'reasonable grounds for the belief' it stated". *Id.* at 1333. Here, Plaintiffs do not allege that PwC Australia omitted any material information. Indeed, the Amended Complaint contains only vague and perfunctory references to the statutory language for a material omission in relation to all Defendants. (*See* Am. Compl. ¶ 171 ("None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true or that there was no omission of material facts necessary to make the statements made therein not misleading.") Even if this allegation were directed at PwC Australia, it is clearly insufficient under *Omnicare*'s standard for pleading an actionable omission.

The Amended Complaint contains no allegation, however, that PwC Australia did not believe its audit opinions at the time they were issued. To the contrary, Plaintiffs allege merely that PwC Australia was negligent in conducting its audits of CBD's financial statements. (*See* Am. Compl. ¶¶ 142-143, 152.) Plaintiffs allege not that PwC Australia knew about the related party transactions between CBD and its chief executive officer, but rather that PwC Australia was "negligent in not obtaining sufficient knowledge to reveal CBD's undisclosed related party transactions". (*Id.* ¶ 143; *see also id.* ¶ 149 ("[A] competent audit would have uncovered evidence regarding these improper transactions.").) PwC Australia denies that it was negligent, but the point here is that Plaintiffs' negligence allegations do not state a claim where (as here) the challenged statements are opinions and under *Omnicare* Plaintiffs are required to allege subjective disbelief in the opinions at the time they were issued.

Nor would it be plausible for Plaintiffs to allege that PwC Australia subjectively disbelieved the opinions in its audit report. PwC Australia warned that it had "substantial doubt about [CBD's] ability to continue as a going concern" (Registration Statement at F-42), which is "about the most conspicuous 'red flag' that an auditor can wave", *Drabkin v. Alexander Grant & Co.*, 905 F.2d 453, 456 (D.C. Cir. 1990) (quoting *In re N. Am. Acceptance Corp. Sec. Cases*, 513 F. Supp. 608, 636 n.15 (N.D. Ga. 1981)). PwC Australia's warning, therefore, is inconsistent with the theory that PwC Australia was holding back its true opinions. And Plaintiffs admit that, when PwC Australia later discovered the related party transactions, it notified the audit committee of the CBD board of directors, which brought about the public disclosure of these transactions. (Am. Compl. ¶ 84.) That again is inconsistent with the theory that PwC Australia would give an opinion contrary to what it really believed.

Indeed, Plaintiffs expressly ***disclaim*** any allegation of fraud, and therefore cannot contend that PwC Australia had a subjective disbelief in its statements of opinion. (*See* Am. Compl. ¶ 163 ("This claim is not based on and does not sound in fraud.").) By disclaiming fraud, Plaintiffs have "effectively pleaded themselves out of stating a claim under Section 11's false statements clause". *In re Velti PLC Sec. Litig.*, No. 13-cv-03889-WHO, 2015 WL 5736589, at *18 (N.D. Cal. Oct. 1, 2015); *see also In re Am. Int'l Grp., Inc. 2008 Sec. Litig.*, No. 08-Civ.-4772-(LTS)(DCF), 2013 WL 1787567, at *4-5 (S.D.N.Y. Apr. 26, 2013) ("[I]n light of the disclaimer, [plaintiffs' allegations] cannot support the inference that PwC knowingly issued an opinion it believed to be false."). Similarly, in *Omnicare*, the Court noted that the "complaint explicitly 'exclude[s] and disclaim[s]' any allegation sounding in fraud or deception", and found therefore that the plaintiffs "do not contest that Omnicare's opinion was honestly held". 135 S. Ct. at 1327 (alteration in original).

Based on the absence of any allegation that PwC Australia did not honestly hold the opinions it gave, as well as the presence of the disclaimer of fraud and other allegations to the contrary, Plaintiffs' claim against PwC Australia cannot stand.

## CONCLUSION

For the above reasons, the claim against PwC Australia should be dismissed in its entirety with prejudice.

Dated: February 19, 2016

Respectfully submitted,

HAYNES AND BOONE, LLP,

By

/s/ Odean L. Volker

Odean L. Volker
Attorney-in-Charge
Texas Bar No. 20607715
Southern Dist. Id. No. 12685

One Houston Center
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
odean.volker@haynesboone.com

Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
aryan@cravath.com

*Attorneys for Defendant*
*PricewaterhouseCoopers Australia*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 19, 2016, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing motion and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Odean L. Volker
Odean L. Volker

*Attorney for Defendant*
*PricewaterhouseCoopers Australia*