**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH PANKOWSKI, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | C. A. No. 4:15-cv-1668 |
| v. | ) | Jury Trial Demanded |
| BLUENRGY GROUP LIMITED, f/k/a CBD ENERGY LIMITED, ET AL., | ) | |
| Defendants. | ) | |

**ANSWER TO THE AMENDED COMPLAINT
BY DEFENDANTS NATIONAL SECURITIES CORPORATION
AND NORTHLAND SECURITIES, INC.**

Defendants National Securities Corporation and Northland Securities, Inc. (collectively, "Underwriter Defendants"), by and through their undersigned counsel, each hereby respond to Plaintiff's Amended Complaint (Dkt. No. 27).[1] Underwriter Defendants deny all allegations that are not expressly admitted below.

1. Underwriter Defendants deny that the Class Period includes the period between June 13, 2014 to October 24, 2014. Underwriter Defendants lack

[1] On July 6, 2016, the Court dismissed with prejudice all claims asserted by Lead Plaintiff Mahmmoud Sakhi and Named Plaintiff Dmytro Kavchak. *See* Mem. Order & Op. (Dkt. No. 100), at 27. The Court also dismissed with prejudice Plaintiffs' section 11 claim against Defendant PwC Australia. *Id.* However, the Court granted Named Plaintiff Joseph Pankowski leave to substitute himself as Lead Plaintiff. *Id.* It is Underwriter Defendants' understanding that the new Lead Plaintiff, Pankowski, does not intend to file a second amended complaint and that he intends to stand by the allegations asserted in the Amended Complaint. Underwriter Defendants thus file this answer.

sufficient information to respond to the remaining allegations in Paragraph 1 and deny them on that basis.

2. Underwriter Defendants admit that they served as the underwriters of CBD's public offering, which commenced on or about June 13, 2014. Underwriter Defendants admit that they sold approximately $7,240,000 worth of CBD common stock at the offering. Underwriter Defendants deny the remaining allegations in Paragraph 2.

3. Underwriter Defendants admit that they offered 1,810,000 shares of CBD's common stock for sale at $4.00 per share. Underwriter Defendants admit that the public offering raised approximately $7,240,000. Underwriter Defendants deny any remaining allegations in Paragraph 3.

4. Underwriter Defendants respond that the Offering Documents, which were filed with the SEC, are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 4.

5. Underwriter Defendants admit that PwC Australia audited CBD's financial statements, which were included in the Offering Documents. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 5 and thus deny the remaining allegations in Paragraph 5.

6. Underwriter Defendants admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which stated, *inter alia*, that:

> On October 23, 2014, the Audit Committee, after discussions with PricewaterhouseCoopers ("PwC"), the

> Company's independent registered public accounting firm, determined that there was sufficient uncertainty about the accuracy of disclosures about related-party transactions involving its Executive Chairman and Managing Director, Mr. McGowan, that its previously issued audited financial statements for the fiscal years ended June 30, 2013 and 2012 should no longer be relied upon.

Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 6 and thus deny the remaining allegations in Paragraph 6.

7. Underwriter Defendants admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which is a matter of public record and speaks for itself. To the extent any response is required, Underwriter Defendants deny the remaining allegations in Paragraph 7.

8. Underwriter Defendants admit that CBD's stock price on October 24, 2014 is a matter of public record. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 8 and deny them on that basis.

9. Underwriter Defendants admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which is a matter of public record and speaks for itself. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 9 and thus deny the remaining allegations in Paragraph 9.

10. The allegations in Paragraph 10 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 10.

11. The allegations in Paragraph 11 state legal conclusions and require no

response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 11.

12. The allegations in Paragraph 12 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 12.

13. The allegations in Paragraph 13 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 13.

14. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 14 and deny them on that basis.

15. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 15 and deny them on that basis.

16. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 16 and deny them on that basis.

17. Underwriter Defendants admit the allegations in Paragraph 17.

18. Underwriter Defendants admit the allegations in Paragraph 18.

19. Underwriter Defendants admit that Mr. Gerard McGowan was CBD's Managing Director and the Executive Chairman and that Mr. McGowan signed the Registration Statement. Underwriter Defendants also admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which stated, *inter alia*, that:

> Effective October 23, 2014, the disinterested members of the Board acted unanimously to accept the request of Gerard McGowan, the Company's Executive Chairman and Managing Director, to take a 30-day leave of absence

> and to not exercise his powers as a director while the Audit Committee conducts its review of potential improprieties and irregularities.

Underwriter Defendants also admit that CBD filed a Form 6-K with the SEC on December 2, 2014, which stated, *inter alia*, that: "As of November 14, 2014, Mr. Gerard McGowan was: suspended as the Company's Managing Director … [and] removed as a director of all Company subsidiaries." Underwriter Defendants further admit that CBD filed a Form 6-K with the SEC on January 2, 2015, which stated, *inter alia*, that: "Effective December 30, 2014, Gerard McGowan resigned as a director of CBD Energy Limited." Underwriter Defendants lack sufficient information to respond to any remaining allegations in Paragraph 19 and deny them on that basis.

20. Underwriter Defendants admit that Mr. Richard Pillinger was CBD's Chief Financial Officer and that Mr. Pillinger signed the Registration Statement. Underwriter Defendants deny any remaining allegations in Paragraph 20.

21. Underwriter Defendants admit that Mr. Todd Barlow was a member of CBD's board of directors, that Mr. Barlow served on CBD's Audit Committee, and that Mr. McGowan signed the Registration Statement on behalf of Mr. Barlow pursuant to a power of attorney. Underwriter Defendants also admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which stated, *inter alia*, that: "Effective July 18, 2014 Todd Barlow resigned from the Company's Board of Directors." Underwriter Defendants deny any remaining allegations in Paragraph 21.

22. Underwriter Defendants admit that Mr. Carlo Botto was a member of CBD's board of directors, and that Mr. Barlow served on CBD's Audit Committee. Underwriter Defendants also admit that Mr. McGowan signed the Registration Statement on behalf of Mr. Botto pursuant to a power of attorney. Underwriter Defendants deny any remaining allegations in Paragraph 22.

23. Underwriter Defendants admit that Mr. William Morro was a member of CBD's board of directors, that Mr. Morrow served as the Chairman of the Audit Committee, and that Mr. Morro signed the Registration Statement. Underwriter Defendants also admit that CBD filed a Form 6-K with the SEC on February 11, 2015, which stated, *inter alia*, that: "On February 9, 2015, the Board unanimously appointed Mr. Morro as the Company's Managing Director." Underwriter Defendants deny any remaining allegations in Paragraph 23.

24. Underwriter Defendants admit that Mr. James Greer was CBD's CEO of International Operations and that Mr. Greer was employed by CBD USA. Underwriter Defendants also admit that Mr. McGowan signed the Registration Statement on behalf of Mr. Greer pursuant to a power of attorney. Underwriter Defendants deny any remaining allegations in Paragraph 24.

25. Underwriter Defendants admit the allegations in Paragraph 25.

26. Paragraph 26 defines the term "Individual Defendants" and does not require a response.

27. Underwriter Defendants admit that National Securities Corporation was an underwriter and the sole book-running manager of CBD's public offering.

Underwriter Defendants also admit that National Securities Corporation and Northland Securities, Inc. entered into a firm-commitment-underwriting agreement with CBD and that National Securities Corporation was allocated 1,448,000 of the 1,810,000 shares of CBD common stock to be sold at the offering. Underwriter Defendants further admit that they conducted a reasonable due diligence investigation in good faith and in conformity with the rules and regulations of the SEC. Underwriter Defendants deny any remaining allegations in Paragraph 27.

28. Underwriter Defendants admit that Northland Securities, Inc. was an underwriter and the co-manager of CBD's public offering. Underwriter Defendants also admit that National Securities Corporation and Northland Securities, Inc. entered into a firm-commitment-underwriting agreement with CBD and that Northland Securities, Inc. was allocated 362,000 of the 1,810,000 shares of CBD common stock to be sold at the offering. Underwriter Defendants further admit that they conducted a reasonable due diligence investigation in good faith and in conformity with the rules and regulations of the SEC. Underwriter Defendants deny any remaining allegations in Paragraph 28.

29. Paragraph 29 defines the term "Underwriter Defendants" and does not require a response.

30. Underwriter Defendants admit that PWC is a certified public accounting firm. Underwriter Defendants lack sufficient information to respond to any remaining allegations in Paragraph 30 and deny them on that basis.

31. Underwriter Defendants admit that PWC Australia is a certified public accounting firm. Underwriter Defendants also admit PWC Australia was CBD's independent auditor and provided certified financial statements and audit opinions included in the Registration Statement and Prospectus. Underwriter Defendants deny any remaining allegations in Paragraph 31.

32. Paragraph 32 defines the term "Auditors Defendants" and does not require a response.

33. Paragraph 33 merely defines various terms and does not require a response.

34. Underwriter Defendants admit the allegations in Paragraph 34.

35. Underwriter Defendants admit the allegations in Paragraph 35.

36. Underwriter Defendants admit the allegations in Paragraph 36.

37. Underwriter Defendants admit the allegations in Paragraph 37.

38. Underwriter Defendants admit the allegations in Paragraph 38.

39. Underwriter Defendants admit they distributed the Offering Documents. The Underwriter Defendants deny the remaining allegations in Paragraph 39.

40. Underwriter Defendants admit that the Registration Statement and the Prospectus were among the Offering Documents provided to potential investors. Underwriter Defendants deny any remaining allegations in Paragraph 40.

41. Underwriter Defendants respond that the Offering Documents, which were filed with the SEC, are a matter of public record and speak for themselves. To

the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 41.

42. Underwriter Defendants deny the allegations in Paragraph 42.

43. Underwriter Defendants admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which is a matter of public record and speaks for itself. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 43.

44. Underwriter Defendants are without sufficient information to either admit or deny the allegations in Paragraph 44, but to the extent Plaintiffs quote or describe documents, the Underwriter Defendants respond that the documents speak for themselves.

45. Underwriter Defendants are without sufficient information to either admit or deny the allegations in Paragraph 45, but to the extent Plaintiffs quote or describe documents, the Underwriter Defendants respond that the documents speak for themselves.

46. Underwriter Defendants admit that the Registration Statement and the Prospectus did not disclose the alleged related party transactions involving Mr. McGowan identified in Paragraph 46. To the extent that the allegations in Paragraph 46 concern the contents of CBD's SEC filings, Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. Underwriter Defendants lack sufficient information to respond to the

remaining allegations in Paragraph 46 and thus deny the remaining allegations in Paragraph 46.

47. Underwriter Defendants admit that the Registration Statement and the Prospectus contained CBD's certified financial statements for 2012 and 2013, which did not disclose the alleged related party transactions involving Mr. McGowan. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 47 and thus deny the remaining allegations in Paragraph 47.

48. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 48 and thus deny the allegations in Paragraph 48.

49. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 49 and thus deny the allegations in Paragraph 49.

50. Underwriter Defendants admit that Generally Accepted Accounting Principles (GAAP) are a common set of accounting principles, standards and procedures that companies use to compile their financial statements. GAAP are a combination of authoritative standards (set by policy boards) and the commonly accepted ways of recording and reporting accounting information. Underwriter Defendants deny any remaining allegations in Paragraph 50.

51. Underwriter Defendants admit that GAAP is the common set of accounting principles, standards and procedures that companies use to compile their financial statements. GAAP are a combination of authoritative standards (set by policy boards) and the commonly accepted ways of recording and reporting

accounting information. Underwriter Defendants deny any remaining allegations in Paragraph 51.

52. The allegations in Paragraph 52 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 52.

53. Underwriter Defendants admit that CBD is responsible for preparing financial statements that conform with GAAP and other applicable accounting standards. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 53 and thus deny the allegations in Paragraph 53.

54. Underwriter Defendants admit that CBD's certified financial statements stated that they were audited in accordance with PCAOB standards. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 54 and thus deny the remaining allegations in Paragraph 54.

55. The allegations in Paragraph 55 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 55.

56. The allegations in Paragraph 56 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 56.

57. The allegations in Paragraph 57 state legal conclusions and require no

response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 57.

58. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 58 and thus deny the allegations in Paragraph 58.

59. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 59 and thus deny the allegations in Paragraph 59.

60. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 60 and thus deny the allegations in Paragraph 60.

61. The allegations in Paragraph 61 state a legal conclusion and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 61.

62. The allegations in Paragraph 62 state a legal conclusion and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 62.

63. The allegations in Paragraph 63 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 63.

64. The allegations in Paragraph 64 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 64.

65. The allegations in Paragraph 65 state legal conclusions and require no

response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 65.

66. The allegations in Paragraph 66 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 66.

67. Underwriter Defendants admit that CBD filed a Form 6-K with the SEC on October 24, 2014, which is a public document and speaks for itself. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 67 and thus deny the remaining allegations in Paragraph 67.

68. The allegations in Paragraph 68 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 68.

69. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 69 and thus deny the remaining allegations in Paragraph 69.

70. The allegations in Paragraph 70 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 70.

71. The allegations in Paragraph 71 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 71.

72. The allegations in Paragraph 72 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 72.

73. The allegations in Paragraph 73 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 73.

74. The allegations in Paragraph 74 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 74.

75. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 75 and thus deny the allegations in Paragraph 75.

76. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 76 and thus deny the allegations in Paragraph 76.

77. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 77 and thus deny the allegations in Paragraph 77.

78. Underwriter Defendants admit that CBD, its accountants, and its auditors are responsible for preparing financial statements that conform with GAAP and other applicable accounting standards. Underwriter Defendants admit that the Registration Statement and the Prospectus that contained CBD's certified financial statements for 2012 and 2013 did not disclose alleged related party transactions involving Mr. McGowan. Underwriter Defendants deny any remaining allegations in Paragraph 78.

79. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 79 and thus deny the allegations in Paragraph 79.

80. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 80.

81. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 81.

82. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 82.

83. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 83.

84. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 84.

85. Underwriter Defendants respond that CBD's press releases are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 85.

86. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 86.

87. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 87.

88. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 88.

89. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 89.

90. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 90.

91. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 91.

92. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 92.

93. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 93.

94. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 94.

95. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 95.

96. Underwriter Defendants deny the allegations in Paragraph 96.

97. Underwriter Defendants admit that CBD's stock price on October 24, 2014 is a matter of public record. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 97 and deny them on that basis.

98. Underwriter Defendants admit that CBD filed a Form 6-K with the SEC on December 2, 2014. Underwriter Defendants respond that this Form 6-K is a matter of public record and speak for itself. To the extent any response is required, Underwriter Defendants deny the remaining allegations in Paragraph 98.

99. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 99 and deny them on that basis.

100. Underwriter Defendants admit the allegations in Paragraph 100.

101. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 101 and thus deny the allegations in Paragraph 101.

102. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 102 and thus deny the allegations in Paragraph 102.

103. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 103.

104. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 104 and thus deny the allegations in Paragraph 104.

105. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 105 and thus deny the allegations in Paragraph 105.

106. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 106 and thus deny the allegations in Paragraph 106.

107. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 107.

108. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 108.

109. Underwriter Defendants respond that CBD's SEC filings are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 109.

110. The allegations in Paragraph 110 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 110.

111. The allegations in Paragraph 111 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 111.

112. Underwriter Defendants admit the allegations in Paragraph 112.

113. Paragraph 113 purports to quote a Goldman Sachs report, and the Underwriter Defendants respond that the document speaks for itself. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 113.

114. Underwriter Defendants admit that they relied on CBD's certified financial statements and that they believed, in good faith, the certified financial statements were prepared in accordance with the applicable accounting rules and SEC regulations. Underwriter Defendants also admit that they conducted a reasonable due diligence investigation in good faith and in conformity with industry standards. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 114 and thus deny the remaining allegations in Paragraph 114.

115. The allegations in Paragraph 115 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 115.

116. Underwriter Defendants deny the allegations in Paragraph 116.

117. Underwriter Defendants deny the allegations in Paragraph 117.

118. Underwriter Defendants deny the allegations in Paragraph 118.

119. Underwriter Defendants admit that they conducted a reasonable due diligence investigation in good faith and in conformity with industry standards. Underwriter Defendants also admit that they relied on CBD's certified financial statements and that they believed, in good faith, the certified financial statements were prepared in accordance with the applicable accounting rules and SEC regulations. Underwriter Defendants deny the remaining allegations in Paragraph 119.

120. Underwriter Defendants deny the allegations in Paragraph 120.

121. To the extent the allegations in Paragraph 121 state legal conclusions, no response is required. Underwriter Defendants admit that they had a duty, and fulfilled that duty, to conduct a reasonable due-diligence investigation of CBD prior to the offering. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 121 and thus deny the remaining allegations in Paragraph 121.

122. To the extent the allegations in Paragraph 122 state legal conclusions, no response is required. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent a response is required to

the remaining allegations in Paragraph 122, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 122.

123. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent Paragraph 123 purports to describe and quote a document published by Goldman Sachs, Underwriter Defendants respond that the purported document speaks for itself. Underwriter Defendants deny the remaining allegations in Paragraph 123 on that basis.

124. Underwriter Defendants admit that they served as the underwriters of CBD's public offering, which commenced on or about June 13, 2014. Underwriter Defendants admit that the public offering raised approximately $7,240,000. Underwriter Defendants also admit CBD's public offering was not a private placement. Underwriter Defendants further admit that the Registration Statement and the Prospectus were among the documents distributed to potential investors. Underwriter Defendants deny any remaining allegations in Paragraph 124.

125. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent Paragraph 125 purports to describe and quote a document published by the SEC, Underwriter Defendants

respond that the purported document speaks for itself. To the extent the allegations in Paragraph 125 state legal conclusions, no response is required. To the extent a response is required to the remaining allegations in Paragraph 125, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 125.

126. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent Paragraph 126 references a document purportedly published by the SEC, Underwriter Defendants respond that the purported document speaks for itself. To the extent the allegations in Paragraph 126 state legal conclusions, no response is required. To the extent a response is required to the remaining allegations in Paragraph 126, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 126.

127. Underwriter Defendants deny that they had "ultimate control over the contents" of the Offering Documents. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent the allegations in Paragraph 127 state legal conclusions, no response is required. To the extent a response is required, Underwriter Defendants deny Plaintiff's characterization of

the law. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 127 and thus deny the remaining allegations in Paragraph 127.

128. To the extent the allegations in Paragraph 128 state legal conclusions, no response is required. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent a response is required to the remaining allegations in Paragraph 128, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 128.

129. To the extent the allegations in Paragraph 129 state legal conclusions, no response is required. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent a response is required to the remaining allegations in Paragraph 129, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 129.

130. To the extent Paragraph 130 purports to describe and quote from a book published by a law professor, Underwriter Defendants respond that the purported book speaks for itself. Underwriter Defendants lack sufficient

information to respond to the remaining allegations in Paragraph 130 and thus deny the remaining allegations in Paragraph 130.

131. To the extent the allegations in Paragraph 131 state legal conclusions, no response is required. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. To the extent a response is required to the remaining allegations in Paragraph 131, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 131.

132. The allegations in Paragraph 132 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 132.

133. Underwriter Defendants deny the allegations in Paragraph 133.

134. Underwriter Defendants admit that the Registration Statement and the Prospectus contained CBD's certified financial statements for 2012 and 2013, which did not disclose alleged related party transactions involving Mr. McGowan. Underwriter Defendants deny the remaining allegations in Paragraph 134.

135. Underwriter Defendants admit that a reasonable due diligence investigation by an investment bank includes, *inter alia*, interviews with a company's CFO and its auditors. Underwriter Defendants also admit that an

underwriter should discuss all areas of concern that an auditor may have about a company and its accounting practices.

136. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. Underwriter Defendants deny the remaining allegations in Paragraph 136.

137. Underwriter Defendants respond that discovery will show that Underwriter Defendants conducted a reasonable due diligence investigation of CBD in good faith and in accordance with industry standards. Underwriter Defendants deny any remaining allegations in Paragraph 137.

138. Underwriter Defendants deny the allegations in Paragraph 138.

139. – 152. Paragraphs 139 to 152 are directed to Auditor Defendants, who have been dismissed from this action with prejudice. Underwriter Defendants believe that no response to Paragraphs 139–152 is required, but deny the allegations in Paragraphs 139–152 if any response is required.

153. The allegations in Paragraph 153 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 153.

154. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 154 and thus deny the allegations in Paragraph 154.

155. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 155 and thus deny the allegations in Paragraph 155.

156. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 156 and thus deny the allegations in Paragraph 156.

157. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 157 and thus deny the allegations in Paragraph 157.

158. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 158 and thus deny the allegations in Paragraph 158.

159. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 159 and thus deny the allegations in Paragraph 159.

160. The allegations in Paragraph 160 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 160.

161. The allegations in Paragraph 161 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 161.

162. The allegations in Paragraph 162 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 162.

**Count I**

163. This paragraph incorporates every allegation contained in the foregoing paragraphs of the Amended Complaint. Underwriter Defendants likewise incorporate their earlier responses to the foregoing paragraphs as if set forth in full.

164. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 164 and thus deny the allegations in Paragraph 164.

165. Underwriter Defendants respond that the Offering Documents, which were filed with the SEC, are a matter of public record and speak for themselves. To the extent any response is required, Underwriter Defendants deny the allegations in Paragraph 165 that concern the contents of the Offering Documents. Underwriter Defendants lack sufficient information to respond to the remaining allegations in Paragraph 165 and thus deny the remaining allegations in Paragraph 165.

166. The allegations in Paragraph 166 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 166.

167. Underwriter Defendants admit the allegations in Paragraph 167.

168. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 168 and thus deny the allegations in Paragraph 168.

169. Underwriter Defendants admit that PWC Australia stated that its audits of CBD were conducted in accordance with PCAOB standards. The Underwriter Defendants lack sufficient information to respond to the remaining

allegations in Paragraph 169 and thus deny the remaining allegations in Paragraph 169.

170. The allegations in Paragraph 170 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 170.

171. Underwriter Defendants deny the allegations in Paragraph 171.

172. The allegations in Paragraph 172 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 172.

173. The allegations in Paragraph 173 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 173.

174. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 174 and thus deny the allegations in Paragraph 174.

175. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 175 and thus deny the allegations in Paragraph 175.

176. Underwriter Defendants deny the allegations in Paragraph 176.

**Count II**

177. This paragraph incorporates every allegation contained in the foregoing paragraphs of the Amended Complaint. Underwriter Defendants likewise incorporate their earlier responses to the foregoing paragraphs as if set forth in full.

178. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 178 and thus deny the allegations in Paragraph 178.

179. Underwriter Defendants admit that they served as the underwriters of CBD's public offering, which commenced on or about June 13, 2014. Underwriter Defendants deny the remaining allegations in Paragraph 179.

180. Underwriter Defendants deny the allegations in Paragraph 180.

181. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 181 and thus deny the allegations in Paragraph 181.

182. Underwriter Defendants admit that they had a duty to conduct a reasonable due-diligence investigation of CBD prior to the offering and that they conducted a reasonable due-diligence investigation of CBD in good faith and in accordance with industry standards. Underwriter Defendants specifically deny that they violated § 12(a)(2) of the Securities Act. To the extent the allegations in Paragraph 182 state legal conclusions, no response is required. To the extent a response is required to the remaining allegations in Paragraph 182, Underwriter Defendants deny Plaintiff's characterization of the law and thus the remaining allegations in Paragraph 182.

**Count III**

183. This paragraph incorporates every allegation contained in the foregoing paragraphs of the Amended Complaint. Underwriter Defendants likewise incorporate their earlier responses to the foregoing paragraphs as if set forth in full.

184. The allegations in Paragraph 184 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 184.

185. The allegations in Paragraph 185 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 185.

186. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 186 and thus deny the allegations in Paragraph 186.

187. Underwriter Defendants lack sufficient information to respond to the allegations in Paragraph 187 and thus deny the allegations in Paragraph 187.

188. The allegations in Paragraph 188 state legal conclusions and require no response. To the extent a response is required, Underwriter Defendants deny the allegations in Paragraph 188.

Plaintiff's prayer for relief and judgment does not require a response, but insofar as an answer is deemed necessary, the Underwriter Defendants deny that Plaintiff is entitled to the requested relief and judgment or to any relief whatsoever.

## **Affirmative Defenses**

Having answered the Amended Complaint, the Underwriter Defendants raise the following defenses, including affirmative defenses. The Underwriter Defendants reserve the right to amend this Answer to assert any additional and further defenses, including affirmative defenses, as may be revealed by discovery or otherwise.

**First Affirmative Defense**
(Materiality)

The claims asserted in the Amended Complaint are barred because any alleged misrepresentations in the Registration Statements and the Prospectus were not material.

**Second Affirmative Defense**
(Conformity with SEC Rule and Regulations)

Each and every act or omission alleged in the Amended Complaint was performed or omitted in good faith and in conformity with the rules and regulations of the SEC and, therefore, there can be no liability for any act or omission so alleged.

**Third Affirmative Defense**
(Due Diligence)

The claims asserted in the Amended Complaint are barred because the Underwriter Defendants had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement and the Prospectus were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**Fourth Affirmative Defense**
(Reasonable Reliance)

The Underwriter Defendants are not liable to the extent the acts or omissions alleged in the Amended Complaint relate to the expertized portions of the

Registration Statement and the Prospectus, such as certified financial statements, because the Underwriter Defendants are entitled to reasonably rely on the expertized portions of the Registration Statement and the Prospectus as a matter of law.

**Fifth Affirmative Defense**
(Causation)

The claims asserted in the Amended Complaint are barred because Plaintiff and the putative class have sustained no legally cognizable damage by virtue of any misrepresentation or omission alleged in the Amended Complaint. Such alleged misrepresentations and omissions did not cause or were not a material causal factor in the drop in stock prices or value of which Plaintiff complains.

The claims asserted in the Amended Complaint are also barred because the purported class would have acquired CBD common stock at the same price even if they had known of the alleged misstatements and omissions.

**Sixth Affirmative Defense**
(Negative Causation)

Any depreciation in the market price of CBD common stock acquired by Plaintiff resulted from factors, including the acts of third parties and co-defendants, other than the alleged misrepresentations and omissions set forth in the Amended Complaint.

**Seventh Affirmative Defense**
(Proportionate Liability)

If Plaintiff sustained any losses under the circumstances alleged in the Amended Complaint (which the Underwriter Defendants deny), then each

Defendant can be liable only for that portion of damages that corresponds to his or its respective degree of fault and responsibility, and cannot be liable for any damages attributable to the responsibility, negligence or fault of any other individual or entity.

**Eight Affirmative Defense**
(Truth on the Market)

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which the Underwriter Defendants deny, and if Plaintiff or any members of the putative class were aware of that statement or omission, then such Plaintiff or putative class members cannot prevail.

**Ninth Affirmative Defense**
(Statutory Standing)

The Underwriter Defendants assert that, under Sections 11 and 12(a)(2) of the Securities Act of 1933, Plaintiff and class members who cannot trace their shares to the challenged offering lack statutory standing to pursue claims, and such claims against the Underwriter Defendants are barred as a matter of law.

**Tenth Affirmative Defense**
(Reservation of Defenses)

Additional facts may be revealed by future discovery that supports additional affirmative defenses presently available to, but unknown to, the Underwriter Defendants. Therefore, the Underwriter Defendants reserve the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

The Underwriter Defendants also adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

**Prayer for Relief**

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

1. That the Amended Complaint be dismissed with prejudice in its entirety, and that Plaintiff takes nothing hereby;

2. That judgment be entered in favor of the Underwriter Defendants;

3. For costs of suit, including reasonable attorneys' fees where appropriate under law; and

4. For such other and further relief as the Court deems just and proper.

August 11, 2016

Respectfully submitted,

KING & SPALDING LLP

/s/ Paul R. Bessette

Paul R. Bessette
Texas Bar No. 02263050
S.D. Tex. Bar No. 22453
Michael J. Biles
Texas Bar No. 24008578
S.D. Tex. Bar No. 23146
James P. Sullivan
Texas Bar No. 24070702
S.D. Tex. Bar No. 1196607
Srimath S. Subasinghe
Texas Bar No. 24093226
S.D. Tex. Bar No. 2487169
401 Congress Avenue, Suite 3200
Austin, Texas 78701
pbessette@kslaw.com
[Tel.] (512) 457-2000
[Fax] (512) 457-2100

*Counsel for Defendants*
*National Securities Corporation*
*and Northland Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2016, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing request and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ Paul R. Bessette
Paul R. Bessette