**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH PANKOWSKI, individually and on behalf of all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:15-cv-01668 |
| BLUENRGY GROUP LIMITED, f/k/a CBD ENERGY LIMITED, ET AL., | § | |
| Defendants. | § | |

**DEFENDANT TODD BARLOW'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## TABLE OF CONTENTS

SUMMARY OF ARGUMENTS ........ 1
NATURE AND STAGE OF PROCEEDINGS ........ 2
STATEMENT OF THE ISSUES ........ 3
BACKGROUND FACTS ........ 4
ARGUMENT ........ 6
I. Plaintiff's Claims Against Barlow Should Be Dismissed Because Plaintiffs Misled This court and Failed to Comply With This Court's Order ........ 6
II. Service by Publication on Barlow Was Improper ........ 8
CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Barrackman v. Bannister*,
No. H-06-3622, 2008 WL 304752 (S.D. Tex. Jan. 31, 2008)....................7

*BP Prods. North America, Inc. v. Dagra*,
236 F.R.D. 270 (E.D. Va. 2006)....................9, 10, 11

*Burroughs v. City of Dallas Police Dep't*,
997 F.2d 881, 1993 WL 261063 (5th Cir. 1993)....................7

*Cobbs v. Clements*,
No. 1:08-cv-244, 2009 WL 1554196 (D. Vt. May 29, 2009)....................11

*Compass Bank v. Katz*,
287 F.R.D. 392 (S.D. Tex. 2012)....................9

*Hickman v. Fox Television Station, Inc.*,
231 F.R.D. 248 (S.D. Tex. 2005)....................7

*Hinsey v. Better Built Dry Kilns, Inc.*,
No. 1:08-cv-00114, 2009 WL 1766883 (N.D. Ind. June 22, 2009)....................9

*SEC v. Tome*,
833 F.2d 1086 (2d Cir. 1987)....................9

*Smith v. Islamic Emirate of Afghanistan*,
No. 01 Civ 10132, 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001)....................10

*Wash v. Johnson*,
108 Fed. App'x 154 (5th Cir. 2004)....................7

*Wilson v. Patmon*,
No. H-06-4129, 2009 WL 6642724 (S.D. Tex. June 22, 2009)....................7

Defendant Todd Barlow ("Barlow") moves to dismiss Plaintiffs' Amended Class Action Complaint for Violations of Federal Securities Laws ("Amended Complaint") pursuant to Rules 12(b)(4), 12(b)(5), and 41(b) of the Federal Rules of Civil Procedure.

**SUMMARY OF ARGUMENTS**

This action arises from a June 2014 public stock offering by defendant CBD Energy Ltd. (now known as BlueNRGY Group Limited) ("CBD"). The claims against Barlow, a former director of CBD who left his position over two years ago, should be dismissed because Plaintiffs: (1) made misrepresentations to the Court concerning their purported inability to locate Barlow in order to obtain service by publication; (2) failed to follow the Court's order concerning service by publication by waiting 150 days after that order to even start the publication process; and (3) did not ultimately effect service on Barlow until approximately one year and seven months after this case was filed and after other parties had briefed and argued motions to dismiss—a clear and unjustified record of delay warranting dismissal.

Specifically, more than a year after this case was filed, and after no serious attempt to actually locate Barlow, Plaintiffs sought and obtained an order from this Court to serve Barlow by publication. In order to obtain this order, Plaintiffs swore in a declaration they conducted "extensive internet searches" and could not locate Barlow's personal or work addresses. It is inconceivable that Plaintiffs could have conducted these searches and not located his address, however, as Barlow is the CEO of a public company and his place of employment is noted in the very documents cited throughout Plaintiffs' Amended Complaint.

Plaintiffs then flaunted the Court's order by waiting another five months to even start the publication process (even though by the time Plaintiffs even requested the order the case had been pending for more than a year). As a result, Barlow was not served until a year and seven

months after this case was filed and after the parties had briefed and argued motions to dismiss—a clear and unjustified record of delay warranting dismissal.

Even if Plaintiffs had acted on the Court's order in a timely fashion, service by publication in this case was improper. A plaintiff must exercise reasonable diligence to locate a defendant's address to serve the defendant pursuant to the Hague Convention before resorting to service by publication. Despite Plaintiffs' claim that Barlow's address was unknown, thereby rendering service pursuant to the Hague Convention impossible, Barlow's employment as the CEO of a publicly-traded company has been public knowledge since well before this lawsuit was filed (and many months before Plaintiffs even tried to start serving Barlow). Plaintiffs exercised no diligence in searching for his address. Had they done so, they could have effected service in person under the Hague Convention, as they did with other defendants in this case. Accordingly, service outside the Hague Convention was improper and dismissal is appropriate.

**NATURE AND STAGE OF PROCEEDINGS**

This is a putative class action brought on behalf of certain persons who purchased shares issued in connection with CBD's June 2014 public stock offering. ¶ 1.[1] Plaintiffs originally filed this case on October 27, 2014 in the Eastern District of Texas. On June 12, 2015, the case was transferred to this Court (*see* ECF Doc. No. 17). On August 13, 2015, Plaintiffs filed the Amended Complaint (*see* ECF Doc. No. 27). On October 30, 2015, defendants National Securities Corporation and Northland Securities, Inc. (collectively, the "Underwriters") and defendant PricewaterhouseCoopers LLP ("PwC US") moved to dismiss (*see* ECF Doc. Nos. 45, 46). The Underwriters asserted, among other things, that the Lead Plaintiff and one of the two

[1] Unless otherwise noted, citations to "¶ __" are to the Amended Complaint (ECF Doc. No. 27). Citations to "Ex." are to the exhibits to the Declaration of Mark Oakes filed contemporaneously with this memorandum.

additional named defendants failed to adequately allege that the shares they purchased are traceable to the Offering (*see* ECF Doc. No. 45).

On February 19, 2016, PwC Australia moved to dismiss, asserting that statements made by PwC Australia and challenged in the lawsuit are statements of opinion and that Plaintiffs failed to adequately allege these opinions were false (*see* ECF Doc. No. 72). Also on February 19, 2016, Pillinger joined in the Underwriters' motion to dismiss and moved to dismiss on the grounds of untimely service (*see* ECF Doc. No. 71).

On April 27, 2016, the Court heard oral argument on the pending motions to dismiss. On July 6, 2016, the Court granted the Underwriters' motion to dismiss in part and dismissed the two plaintiffs who failed to adequately allege the shares they purchased are traceable to the Offering. The Court substituted in the third remaining plaintiff (Pankowski) as the Lead Plaintiff. The Court granted PwC Australia's motion to dismiss. The Court denied Pillinger's motion to dismiss based on untimely service, finding that the dilatory service was caused by Plaintiffs' counsel, as opposed to Plaintiffs themselves, and that Pillinger did not suffer prejudice as a result of the delay (*see* ECF Doc. No. 100).

On November 10, 2015, Plaintiffs moved to serve Defendants Barlow and Gerard McGowan by publication (*see* ECF Doc. Nos. 47, 48). The Court granted this motion on November 30, 2015 (*see* ECF Doc. No. 54). Plaintiffs, however, did not begin service on Barlow pursuant to this Court's November 30 order until five months later and after the April 27, 2016 oral argument on the then-pending motions to dismiss. Accordingly, this is Barlow's first substantive filing in this case.

**STATEMENT OF THE ISSUES**

1. Whether the claims against Barlow should be dismissed because Plaintiff, who did not serve Barlow with a copy of the complaint and summons by publication until over a year-

and-a-half after filing suit, and did not even start the process of trying to serve Barlow until 150 days after this Court granted Plaintiff's request for service by publication, failed to timely effectuate service.

2. Whether the claims against Barlow should be dismissed because Plaintiff improperly served Barlow by publication after exerting no diligence in obtaining Barlow's address for service under the Hague Convention.

**BACKGROUND FACTS**

Defendant CBD, now known as BlueNRGY Group Ltd., is an Australian corporation headquartered in Sydney, Australia that provides renewable energy solutions. ¶ 17. CBD's shares have been publicly traded since 1989. Ex. A at 29. Defendant CBD Energy USA Limited is a wholly owned subsidiary of CBD. ¶ 18.

Barlow was a non-executive director of CBD from 2011 until July 18, 2014. Ex. B. Barlow's resignation as director of CBD was announced in a press release on August 5, 2014 and in a Form 6-K filed with the Securities and Exchange Commission on October 24, 2014. *Id.* Therefore, at the time this lawsuit was filed, it was public knowledge that Barlow was no longer a director of CBD. The same CBD press release filed with the SEC that announced his resignation as a director of CBD stated that Barlow "works for WH Pattinson and Company Limited" ("WHSP"). Ex. B. In fact the Registration Statement and Prospectus repeatedly quoted and cited throughout Plaintiffs' Amended Complaint and which form the basis of the claims here explain that Barlow is affiliated with WHSP, which is a public company listed on the Australian Stock Exchange. *See* Ex. C at 100; Ex. D at 36. On September 25, 2014, WHSP announced in a press release that Barlow would become Chief Executive Officer after its then-CEO retired on March 31, 2015. Ex. E. On April 1, 2015, Barlow took over as CEO of WHSP, which was announced in a WHSP press release, as well as in news articles. *See* Exs. F-G.

Barlow remains CEO of WHSP today, and was appointed Managing Director on October 14, 2015. Ex. H.

Plaintiffs filed this lawsuit on October 27, 2014, three days after CBD announced it would restate its financial information. Plaintiffs allege violations of the Section 11 of the Securities Act against all defendants, Section 12(a)(2) of the Securities Act against the Underwriters, and Section 15 of the Securities Act against all individuals named as defendants. ¶¶ 163-188.

Plaintiffs first sought to serve Barlow on May 6, 2015, when they sent a request for service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), to the Australian Central Authority for service at CBD's former Cross Street address (see ECF Doc. No. 24). This was 194 days after Plaintiffs filed suit. This service was returned by the Australian authorities as incomplete (see ECF Doc. No. 49-1). When Plaintiffs initiated service on Barlow at CBD's former address, it had been approximately ten months since Barlow had served on CBD's Board, and as noted above Barlow's role as CEO of the public company WHSP was publicly-disclosed and well-known.

On November 10, 2015, Plaintiffs filed a motion to serve Barlow and defendant Gerard McGowan by publication, remarkably stating "Plaintiffs cannot locate . . . Barlow's personal or new work address[ ]" (*see* ECF Doc. No. 48 at 4). The Court granted this motion on November 30, 2015 (ECF Doc. No. 54). After the Court granted Plaintiffs' motion, a number of events occurred in this lawsuit in which Barlow did not participate:

| | |
|---|---|
| January 31, 2016 | PricewaterhouseCoopers LLP dismissed as defendant. |
| February 19, 2016 | Defendants Richard Pillinger and PricewaterhouseCoopers – Australian Firm ("PwC Australia") filed motions to dismiss. |
| March 21, 2016 | Plaintiffs filed opposition to motions to dismiss. |
| April 4, 2016 | Defendants filed replies in support of motions to dismiss. |
| April 27, 2016 | Oral argument on motions to dismiss. |
| April 28, 2016 | Plaintiffs begin service by publication on Barlow. |

Oral argument on the then-pending motions to dismiss took place on April 27, 2016. It was not until *after* this hearing, where Plaintiffs' counsel sought to explain their delay in serving defendant Pillinger, that Plaintiffs even started the process of service by publication. On April 28, 2016—150 days after this Court's order permitting service by publication—Plaintiffs published their first notice in GlobeNewswire. Plaintiffs published the notice in GlobeNewswire once a week for four weeks, then filed a certificate of compliance on May 20, 2016 (*see* ECF Doc. No. 86), which purportedly completed service. This was 172 days after this Court permitted service by publication on Barlow, and nearly 1 year and 7 months (540 days) after this case was filed.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST BARLOW SHOULD BE DISMISSED BECAUSE PLAINTIFFS MISLED THIS COURT AND FAILED TO COMPLY WITH THIS COURT'S ORDER

Even if service by publication were a proper method of service in this case, which it was not, Plaintiffs misled this Court, failed to comply with this Court's Order and failed to prosecute this action. Under Rule 41(b) of the Federal Rules of Civil Procedure, the court can dismiss an

action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Dismissal for failure to comply with a court order is appropriate upon a showing of "a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interest of justice." *Barrackman v. Bannister*, No. H-06-3622, 2008 WL 304752 (S.D. Tex. Jan. 31, 2008) (quoting *Wash v. Johnson*, 108 Fed. App'x 154, 156 (5th Cir. 2004)). For example, in *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248 (S.D. Tex. 2005), the court dismissed the case where the plaintiff had repeatedly failed to comply with court orders, resulting in extensive delays in the case. The court noted that "delays in proceedings that last for more than one year and effectively cause the action to come to a standstill are entirely unacceptable because they clog the docket, subvert the court's efficiency, and unnecessarily waste judicial resources." *Id.* at 253. *See also Wilson v. Patmon*, No. H-06-4129, 2009 WL 6642724 (S.D. Tex. June 22, 2009) (dismissing suit for failure to comply with court order and failure to prosecute where plaintiff failed to timely serve defendant). Moreover, failure to comply with a court order on service of process is cause for dismissal of an action. *See, e.g.*, *Burroughs v. City of Dallas Police Dep't*, 997 F.2d 881, 1993 WL 261063 (5th Cir. 1993) (upholding dismissal where plaintiff failed to serve defendant after receiving extension from the court).

Plaintiffs here have exhibited a clear record of delay. First, Plaintiffs waited 194 days to even request service of process in Australia under the Hague Convention. Plaintiffs admittedly undertook no efforts whatsoever to serve Barlow within the normal 120 days under Rule 4(m). Even when Plaintiffs did attempt serve on Barlow under the Hague Convention, they attempted it at an address they admittedly knew he would not be available at, since he had left his position as a director of CBD 10 months earlier. Then Plaintiffs waited another three months to request

permission to service by publication from the Court. Plaintiffs obtained an order from this Court permitting them to serve Barlow by publication, then sat on that order for yet another 150 days before beginning to comply with this Court's order. Plaintiffs violated this Court's order and Federal Rule of Civil Procedure 4(m) by failing to effect timely service after receiving this Court's permission for substituted service. As a result, Barlow was not served in this case until 172 days after this Court permitted substituted service, and almost one year and seven months after this case was filed. Plaintiffs' failure to serve Barlow in that time caused him significant prejudice, including because he was not party to this lawsuit throughout months of briefing on motions to dismiss and oral argument.

Not only did Plaintiffs fail to comply with this Court's Order, but they misled the Court in seeking an order to serve by publication in the first place. Plaintiffs asserted in their motion to serve by publication that they conducted "extensive internet searches" and were unable to locate Barlow's personal or work addresses. Barlow is the CEO of a public company, and his affiliation with WHSP was disclosed in the same offering documents that Plaintiffs rely on throughout the Complaint. *See* Ex. C at 100; Ex. D at 36. His position at WHSP was well-documented in WHSP's press releases, as well as news articles publicly available online. *See* Exs. E-H. Any reasonable search by Plaintiffs of CBD's SEC filings or the general internet would have provided them with his business address. Plaintiffs misled this Court in obtaining the order to serve by publication, then failed to effect timely service of process on Barlow, and their claims should be dismissed.

## II. SERVICE BY PUBLICATION ON BARLOW WAS IMPROPER

Not only did Plaintiffs completely ignore this Court's Order for nearly 5 months, but they obtained the Order in the first place without conducting any diligence. Plaintiffs' service of process on Barlow by publication in GlobeNewswire was improper under the Federal Rules of

Civil Procedure. Plaintiffs based their motion to serve by publication on their apparent inability to find an address for Barlow under which they could serve him in Australia. Plaintiffs completely failed to exercise due diligence in obtaining this Court's order for service by publication.

Federal courts generally require a plaintiff to exercise reasonable diligence in locating a defendant's address to serve them under the Hague Convention prior to resorting to service by publication. *See BP Prods. North America, Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("From the limited case law in the area, it is clear that service by publication to a defendant in a foreign country is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant."). In *Compass Bank v. Katz*, 287 F.R.D. 392 (S.D. Tex. 2012), for example, this court denied a motion to serve defendants by publication where the plaintiff was aware that defendants owned businesses and had a vacation house in Mexico, but never attempted to serve them at those locations under the Hague Convention. *Id.* at 395. The court found that a plaintiff was required to "put forth reasonable diligence in attempting to discover defendant's address" before granting substituted service. *Id.* *See also Hinsey v. Better Built Dry Kilns, Inc.*, No. 1:08-cv-00114, 2009 WL 1766883 (N.D. Ind. June 22, 2009) (denying service by publication where only one attempt was made to serve defendants under the Hague Convention in Italy).

Those cases where courts have found service by publication appropriate exhibited significant diligence on the part of the plaintiff. For example, in *SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987), the court permitted service by publication on foreign defendants whose whereabouts were unknown due to Swiss secrecy and other foreign laws. In *Tome*, the court also

noted that the case was high profile so the defendants would have had notice of it, and acknowledged that "if a defendant's name and address are known or may be obtained with reasonable diligence, service by publication will not satisfy the requirements of due process." *Id.* at 1094.

Similarly, in *BP Prods.*, 236 F.R.D. 270, the court permitted service by publication on a Pakistani defendant who was "willfully evading" service of process under the Hague Convention. The court noted that the plaintiff had attempted service in Pakistan twice under the Hague Convention, hired an investigative service to locate the defendant, and attempted to serve him through his local counsel in Pakistan. Moreover, the defendant operated a multi-million dollar business in the United States and should have been aware of the lawsuit or the possibility of a lawsuit. *Id.* at 272-73. Other extreme cases where service by publication has been permitted include service on Osama bin Laden and al Qaeda, whose whereabouts were admittedly unknown. *See Smith v. Islamic Emirate of Afghanistan*, No. 01 Civ 10132, 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001).

Plaintiffs here failed to exercise any diligence, let alone reasonable diligence, in locating Barlow's address before seeking substituted service from this Court. Plaintiffs were aware that Barlow was a non-executive director of CBD who left that position in July 2014—three months before Plaintiffs filed this lawsuit. *See* ¶ 21 ("On July 18, 2014, Defendant Barlow resigned as a director of the Company."). Plaintiffs therefore should have known that their attempt to serve Barlow under the Hague Convention at CBD's address (even if it had been the correct address) would have been fruitless in May 2015—ten months after Barlow had left his position at the company.

Plaintiffs claim that they "diligently attempted to identify updated addresses for . . . Barlow by conducting extensive internet searches of publically available information" (Memo at 2). Any diligent searching even of CBD's public filings with the SEC, however, would have provided Plaintiffs with Barlow's business address, and simple Internet searches would have similarly uncovered articles regarding his position at WHSP, which is a public company (*see, e.g.*, Exs. E-H).

Moreover, Plaintiffs have not alleged any deliberate avoidance. In *Cobbs v. Clements*, No. 1:08-cv-244, 2009 WL 1554196 (D. Vt. May 29, 2009), the court denied a motion for service by publication where the plaintiff did not attempt to serve the defendant in Iraq and did not allege that "deliberate avoidance and obstruction by the defendant[ ] made the giving of notice impossible." *Id.* at *1 (citing *BP Prods.*, 236 F.R.D. at 272). Plaintiffs have not and cannot show that Barlow avoided or obstructed service of process by regular means. Plaintiffs never attempted to serve Barlow at any known address for him, and have not shown that Barlow in any way attempted to avoid service.

Plaintiffs utterly failed to exercise any diligence, let alone reasonable diligence, before seeking leave from this Court to use a method of substituted service on Barlow. This service method was improper, and therefore invalid.

## CONCLUSION

For the foregoing reasons, Barlow respectfully requests that the Court dismiss the claims against him.

Dated: August 11, 2016

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ Gerard G. Pecht

Gerard G. Pecht
State Bar No. 15701800
gerard.pecht@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Mark Oakes
State Bar No. 24062923
mark.oakes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 536-5221
Facsimile: (512) 536-4598

*Counsel for Defendant Todd Barlow*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system August 11, 2016, which caused an electronic copy of this document to be served on all counsel of record who have appeared in this matter.

/s/ Gerard G. Pecht
Gerard G. Pecht