**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH PANKOWSKI, individually and on behalf of all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:15-cv-01668 |
| BLUENRGY GROUP LIMITED, f/k/a CBD ENERGY LIMITED, ET AL., | § | |
| Defendants. | § | |

**DEFENDANTS BLUENRGY GROUP LIMITED AND**
**CBD ENERGY USA LIMITED'S**
**ANSWER TO AMENDED COMPLAINT**

Defendants BlueNRGY Group Limited, f/k/a CBD Energy Limited, and CBD Energy USA Limited ("Defendants") answer Lead Plaintiff Joseph Pankowski's ("Plaintiff") Amended Class Action Complaint (the "Complaint") as set forth below. Each numbered paragraph in the first section below corresponds to the identically numbered paragraph in the Complaint, and a statement that Defendants admit or deny the allegations in a particular "Paragraph" refers to the correspondingly numbered Paragraph in the Complaint. Unless otherwise defined herein, capitalized terms have the meanings assigned to such terms in the Complaint. To the extent any response is required to the headings, the allegations in the headings are denied. To the extent any allegations are not expressly admitted herein and any further response is required, such allegations are denied.

1. Defendants admit that the Complaint purports to assert claims for violation of federal securities laws against Defendants and others. Defendants otherwise deny the allegations in Paragraph 1.

2. Defendants admit that on June 13, 2014, Defendants National Securities Corporation ("National") and Northland Securities, Inc. ("Northland") (collectively, the "Underwriters") served as underwriters of the offering of CBD Energy Limited ("CBD Australia" or "the Company") and sold 1,810,000 ordinary shares at an offering price of $4 per share. Defendants otherwise deny the allegations in Paragraph 2.

3. Defendants admit that 1,810,000 shares of CBD Australia's common stock were priced at $4.00 per share in the Offering. Defendants otherwise deny the allegations in Paragraph 3.

4. Defendants deny the allegations set forth in paragraph 4, except admits that the Offering Documents included certain financial results dating back to 2012, that CBD Australia restated certain financial information, and refers to CBD Australia's public filings for a description of CBD Australia's restatement.

5. Defendants admit that PricewaterhouseCoopers – Australia Firm ("PwC Australia") audited certain CBD Australia financial statements included in the Offering Documents, and refers to the Offering Documents for their contents. To the extent any further response is required, Defendants deny the remaining allegations in paragraph 5.

6. Defendants admit that on October 23, 2014, CBD Australia announced that "the Company, through its Audit Committee, and in concert with PricewaterhouseCoopers, its independent registered public accounting firm, has determined that its audited Financial Statements for the 2012 and 2013 Fiscal Years, and its unaudited interim financial statements as of and for the six months ended December 31, 2013 . . . cannot be relied upon, and revisions are required," and refers to the CBD Australia press release for the entire statement. To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit that on October 23, 2014, CBD Australia announced that "the Company, through its Audit Committee, and in concert with PricewaterhouseCoopers, its independent registered public accounting firm, has determined that its audited Financial Statements for the 2012 and 2013 Fiscal Years, and its unaudited interim financial statements as of and for the six months ended December 31, 2013 . . . cannot be relied upon, and revisions are required," and refers to the CBD AUSTRALIA press release for the entire statement. To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that CBD Australia's stock closed at a price of $1.25 per share on October 24, 2014. Defendants otherwise deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants admit that the Complaint purports to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act and the rules and regulations promulgated thereunder. To the extent any further response is required, Defendants deny the allegations in Paragraph 10.

11. Paragraph 11 purports to state legal conclusions to which no response is required.

12. Paragraph 12 purports to state legal conclusions to which no response is required.

13. To the extent Paragraph 13 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 13, except admits that telephones, the mail, and the facilities of the national securities markets were used in connection with CBD Australia's capital raising activities.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14. Further, no response is required with respect to allegations concerning plaintiff Mahmmoud Sakhi because his claims were dismissed by the Court.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15. Further, no response is required with respect to allegations concerning plaintiff Joseph Pankowski because his claims were dismissed by the Court.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17. Defendants deny the allegations set forth in paragraph 17, except admits that: (1) BlueNRGY Group Limited, formerly known as CBD Energy Limited (again, "CBD Australia" or "the Company"), is an Australian corporation headquartered in Sydney, Australia, which provides clean, renewable, and cost-effective sources of electricity for consumers; (2) following CBD Australia's emergence from its Voluntary Administration proceeding in Australia, CBD Australia shareholders voted to rename the Company to BlueNRGY Group Limited, and that it was officially renamed on March 20, 2015; (3) CBD Australia's common stock was traded on NASDAQ under the symbol "CBDE," and trading on the NASDAQ halted on November 12, 2014; and (4) NASDAQ filed a Form 25 with the SEC on July 22, 2015.

18. Defendants deny the allegations set forth in paragraph 18, except admits that CBD Energy USA Limited ("CBD USA") is a wholly-owned subsidiary of CBD Australia located in New York, New York and that CBD USA signed the Registration Statement for the Offering as an authorized representative in the United States of CBD Australia.

19. Defendants deny the allegations set forth in paragraph 19, except admits that Gerard McGowan ("McGowan") has at certain times been the Company's Managing Director and its Chairman of the Board of Directors, that starting in October 2014 McGowan proposed to take a voluntary leave for 30 days and this action was unanimously approved by the Board, that

McGowan was suspended as CBD Australia's Managing Director and removed as a director of the Company as of November 14, 2014, that McGowan resigned as a director of CBD Australia, and that McGowan signed the Registration Statement for the Offering.

20. Defendants deny the allegations set forth in paragraph 20, except admits that he has been the Company's Chief Financial Officer at certain times, and that he signed the Registration Statement for the Offering.

21. Defendants deny the allegation set forth in paragraph 21, except admits that defendant Todd Barlow has been a member of the Company's Board at certain times, that Barlow served on CBD Australia's Audit Committee for the fiscal years ending June 30, 2013 and 2014, that Barlow resigned as a director effective July 18, 2014, and that defendant McGowan signed the Registration Statement for the Offering on Barlow's behalf pursuant to a power of attorney.

22. Defendants deny the allegations set forth in paragraph 22, except admit that defendant Carlo Botto has been a member of the Company's Board at certain times, that Botto served on the Audit Committee for the fiscal year ending June 30, 2013, that Botto was reappointed to the Audit Committee on February 9, 2015, following CBD Australia's Voluntary Administration proceeding in Australia, and that McGowan signed the Registration Statement for the Offering on Botto's behalf pursuant to a power of attorney.

23. Defendants deny the allegations set forth in paragraph 23, except admit that defendant William Morro has been a member of the Company's Board at certain times, that Morro served as Chairman of CBD Australia's Audit Committee for the fiscal year ending June 30, 2014, that Morro was appointed as CBD Australia's Managing Director on February 9, 2015,

following CBD Australia's Voluntary Administration proceeding in Australia, and that Morro signed the Registration Statement for the Offering.

24. Defendants deny the allegations set forth in paragraph 24, except admit that defendant James Greer has been the Company's CEO of International Operations at certain times.

25. Defendants deny the allegations set forth in paragraph 25, except admit that defendant Patrick Lennon was the Company's Senior Vice President of Wind and Off Grid Solutions at certain times.

26. The allegations set forth in paragraph 26 require no response. To the extent any response is required, Defendants deny the allegations in paragraph 26.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, except admit that defendant National was the sole book-running manager and an underwriter of the Company's Offering. To the extent that paragraph 27 purports to state legal conclusions, no response is required.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, except admits that defendant Northland was a co-manager and underwriter of the Company's Offering. To the extent that paragraph 28 purports to state legal conclusions, no response is required.

29. The allegations set forth in paragraph 29 require no response. To the extent any response is required, Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations set forth in paragraph 30.

31. Defendants deny the allegations set forth in paragraph 31, except admit that PwC Australia is a certified public accountant, that PwC Australia was the Company's independent

auditor at certain times, that PwC Australia provided certain audit opinions included in the Offering Documents, and refers to the Offering Documents for a description of any such opinions.

32. The allegations set forth in paragraph 32 require no response. To the extent any response is required, Defendants deny the allegations in paragraph 32.

33. The allegations set forth in paragraph 33 require no response. To the extent any response is required, Defendants deny the allegations in paragraph 33.

34. Defendants admit the allegations in this paragraph 34.

35. Defendants admit the allegations in this paragraph 35.

36. Defendants admit the allegations in this paragraph 36.

37. Defendants admit the allegations in this paragraph 37.

38. Defendants admit the allegations in this paragraph 38.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41. Defendants deny the allegation set forth in this paragraph 41, except admit that the Offering Documents contained certain audited consolidated financial information for the fiscal years ended June 30, 2012 and 2013 and unaudited summary financial data for the six months ended December 31, 2013 and 2012, and refers to the Offering Documents for a description of such financial information.

42. Defendants deny the allegations set forth in paragraph 42.

43. Defendants deny the allegations set forth in paragraph 43, except refer to the referenced press release for its contents.

44. Defendants deny the allegations set forth in paragraph 44, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

45. Defendants deny the allegations set forth in paragraph 45, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

46. Defendants deny the allegations set forth in paragraph 46, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

47. Defendants deny the allegations set forth in paragraph 47, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

48. Defendants deny the allegations set forth in paragraph 48, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

49. Defendants deny the allegations set forth in paragraph 49, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

50. Paragraph 50 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 50.

51. Paragraph 51 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 51.

52. Paragraph 52 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 52.

53. Paragraph 53 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 53.

54. To the extent paragraph 54 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

55. Paragraph 55 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 55.

56. Paragraph 56 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 56.

57. Paragraph 57 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 57.

58. Paragraph 58 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 58.

59. Paragraph 59 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 59.

60. Defendants deny the allegations set forth in paragraph 60.

61. Paragraph 61 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 61.

62. Paragraph 62 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 62.

63. Paragraph 63 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 63.

64. Paragraph 64 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 64.

65. Paragraph 65 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 65.

66. Paragraph 66 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 66.

67. Defendants deny the allegations set forth in paragraph 67, except refer to the referenced SEC filing for its contents.

68. Paragraph 68 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 68.

69. Paragraph 69 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 69.

70. Paragraph 70 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 70.

71. Paragraph 71 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 71.

72. Paragraph 72 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 72.

73. Paragraph 73 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 73.

74. Paragraph 74 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 74.

75. Defendants admit the allegations in paragraph 75.

76. Paragraph 76 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 76.

77. Paragraph 77 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 77.

78. Defendants deny the allegations set forth in paragraph 78, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

79. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79.

80. Defendants deny the allegations set forth in paragraph 80, except refer to the referenced SEC filing for its contents.

81. Defendants deny the allegations set forth in paragraph 81, except refer to the referenced SEC filing for its contents.

82. Defendants deny the allegations set forth in paragraph 82, except refer to the referenced SEC filing for its contents.

83. Defendants deny the allegations set forth in paragraph 83, except refer to the referenced SEC filing for its contents.

84. Defendants deny the allegations set forth in paragraph 84, except refer to the referenced SEC filing for its contents.

85. Defendants deny the allegations set forth in paragraph 85, except refer to the referenced press release for its contents.

86. Defendants deny the allegations set forth in paragraph 86, except refer to the referenced SEC filing for its contents.

87. Defendants deny the allegations set forth in paragraph 86, except refer to the referenced SEC filings for their contents.

88. Defendants deny the allegations set forth in paragraph 88, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

89. Defendants deny the allegations set forth in paragraph 89, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

90. Defendants deny the allegations set forth in paragraph 90, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

91. Defendants deny the allegations set forth in paragraph 91, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

92. Defendants deny the allegations set forth in paragraph 92, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

93. Defendants deny the allegations set forth in paragraph 93, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

94. Defendants deny the allegations set forth in paragraph 94, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

95. Defendants deny the allegations set forth in paragraph 95, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98, except refer to the referenced SEC filing for its contents.

99. Defendants deny the allegations set forth in paragraph 99, except admit that starting in October 2014 McGowan proposed to take a voluntary leave for 30 days and this action was unanimously approved by the Board, that McGowan was suspended as CBD

Australia's Managing Director and removed as a director of the Company as of November 14, 2014, and that McGowan resigned as a director of CBD Australia effective December 30, 2014.

100. Defendants deny the allegations set forth in paragraph 100, except admit that on November 13, 2014, NASDAQ halted trading in the shares of the Company pending receipt of additional information requested by NASDAQ.

101. To the extent paragraph 101 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants admit that CBD Australia entered Voluntary Administration in Australia on November 14, 2014, that CBD Australia exited Voluntary Administration on January 27, 2015, and otherwise deny the allegations set forth in paragraph 101.

102. Defendants admit the allegations in paragraph 102.

103. Defendants admit the allegations in paragraph 103.

104. Defendants admit the allegations in paragraph 104.

105. Defendants admit the allegations in paragraph 105.

106. Defendants admit the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107, except admit that CBD Australia filed the 2014 20-F with the SEC on June 1, 2015, and refer to the 2014 20-F for its contents

108. Defendants admit the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109, except admit that on July 22, 2015, NASDAQ filed a Form 25, and refers to the Form 25 for its contents.

110. Paragraph 110 purports to state legal conclusions to which no response is required.

111. Paragraph 111 purports to state legal conclusions to which no response is required.

112. Defendants admit the allegations in paragraph 112.

113. Paragraph 113 purports to state legal conclusions to which no response is required.

114. Paragraph 114 purports to state legal conclusions to which no response is required.

115. Paragraph 115 purports to state legal conclusions to which no response is required.

116. Paragraph 116 purports to state legal conclusions to which no response is required.

117. Paragraph 117 purports to state legal conclusions to which no response is required.

118. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118.

119. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119.

120. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120.

121. Paragraph 121 purports to state legal conclusions to which no response is required.

122. Paragraph 122 purports to state legal conclusions to which no response is required.

123. Paragraph 123 purports to state legal conclusions to which no response is required.

124. Paragraph 124 purports to state legal conclusions to which no response is required.

125. Paragraph 125 purports to state legal conclusions to which no response is required.

126. Paragraph 126 purports to state legal conclusions to which no response is required.

127. Paragraph 127 purports to state legal conclusions to which no response is required.

128. Paragraph 128 purports to state legal conclusions to which no response is required.

129. Paragraph 129 purports to state legal conclusions to which no response is required.

130. Paragraph 130 purports to state legal conclusions to which no response is required.

131. Paragraph 131 purports to state legal conclusions to which no response is required.

132. Paragraph 132 purports to state legal conclusions to which no response is required.

133. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133.

134. Defendants deny the allegations set forth in paragraph 93, except refer to CBD Australia's public filings for a description of CBD Australia's restatement.

135. Paragraph 135 purports to state legal conclusions to which no response is required.

136. Paragraph 136 purports to state legal conclusions to which no response is required.

137. Paragraph 137 purports to state legal conclusions to which no response is required.

138. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138.

139. Defendants deny the allegations set forth in paragraph 93, except refer to the Offering Documents for their contents.

140. Defendants deny the allegations set forth in paragraph 140, except admit that PwC Australia consented to the inclusion of certain information in the Offering Documents, and refer to the Registration Statement and its attachments for a description of such consent.

141. Paragraph 141 purports to state legal conclusions to which no response is required.

142. To the extent paragraph 142 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142.

143. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143.

144. Paragraph 144 purports to state legal conclusions to which no response is required.

145. Paragraph 145 purports to state legal conclusions to which no response is required.

146. Paragraph 146 purports to state legal conclusions to which no response is required.

147. To the extent paragraph 147 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147.

148. To the extent paragraph 148 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148.

149. To the extent paragraph 149 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149.

150. To the extent paragraph 150 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150.

151. To the extent paragraph 151 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151.

152. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152.

153. Paragraph 153 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 153.

154. Paragraph 154 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 154.

155. Paragraph 155 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 155.

156. Paragraph 156 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 156.

157. Paragraph 157 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 157.

158. Paragraph 158 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 158.

159. Paragraph 159 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 159.

160. Paragraph 160 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 160.

161. Paragraph 161 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 161.

162. Paragraph 162 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 162.

**COUNT I**
**Violation of Section 11 of the Securities Act**
**Against All Defendants**

163. This paragraph purports to repeat and reallege every prior allegation, and Defendants hereby repeat and re-allege their response to every allegation. To the extent any further response is required, the allegations in Paragraph 163 are denied.

164. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164. Further, no response is required with respect to allegations concerning plaintiffs Mahmmoud Sakhi and Joseph Pankowski because their claims were dismissed by the Court.

165. To the extent paragraph 165 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 165, except admit that CBD Australia is the issuer of certain securities, that certain defendants signed certain Offering Documents, and refer to the Offering Documents for their content.

166. To the extent paragraph 166 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 166.

167. Defendants deny the allegations in paragraph 167, except admits that CBD Australia's certified public accountant audited certain financial information contained in the

Offering Documents, that the Offering Documents contain information concerning the audits and the accountant's opinions, and refer to the Offering Documents for their content.

168. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168.

169. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169.

170. Paragraph 170 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 170.

171. Defendants deny the allegations in paragraph 171.

172. Defendants deny the allegations in paragraph 172.

173. To the extent paragraph 173 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 173, except admit that CBD Australia is the issuer of the shares sold via the Offering Documents.

174. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174.

175. Paragraph 175 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 175.

176. Defendants deny the allegations in paragraph 176.

**COUNT II**
**Violations of Section 12(a)(2) of the Securities Act**
**Against Underwriter Defendants**

177. This paragraph purports to repeat and reallege every prior allegation, and Defendants hereby repeat and re-allege their response to every allegation. To the extent any

further response is required, the allegations in Paragraph 177 are denied. Further, this allegation is not asserted against Defendants and no response is required by Defendants.

178. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 178.

179. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 179.

180. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 180.

181. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 181.

182. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 182.

**COUNT III**
**Violations of Section 15 of the Securities Act**
**Against the Individual Defendants**

183. This paragraph purports to repeat and reallege every prior allegation, and Defendants hereby repeat and re-allege their response to every allegation. To the extent any further response is required, the allegations in Paragraph 183 are denied. Further, this allegation is not asserted against Defendants and no response is required by Defendants.

184. This allegation is not asserted against Defendants and no response is required by Defendants. Further, Paragraph 184 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 184.

185. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 185.

186. This allegation is not asserted against Defendants and no response is required by Defendants. To the extent a response is required, Defendants deny the allegations set forth in paragraph 186.

187. This allegation is not asserted against Defendants and no response is required by Defendants. Further, Paragraph 187 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 187.

188. This allegation is not asserted against Defendants and no response is required by Defendants. Further, Paragraph 188 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 188.

## ADDITIONAL DEFENSES

As additional defenses, Defendants allege, assert, and aver the following, which apply to each and every cause of action asserted in the Complaint against Defendants to which such defense is or may be applicable. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them. Defendants also do not concede that facts contrary to one or more of the averments that follow

would support liability as to Defendants. Defendants reserve all rights to assert other defenses as appropriate.

1. Defendants had, after reasonable investigation, reasonable ground to believe and did believe, that the statements challenged by Plaintiff were true.

2. Plaintiffs are not entitled to any recovery from Defendants because, with regard to any part of the Offering Documents challenged in the Complaint (1) purporting to be made on the authority of an expert, or (2) purporting to be a copy of or an extract from a report or valuation of an expert, Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or that such part of the offering documents did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or valuation of the expert or public official document.

3. Plaintiffs are not entitled to any recovery from Defendants because Plaintiffs' claims are barred under the affirmative defenses of the absolute bar, automatic stay, and discharge under the voluntary administration under Australian law and, through Chapter 15 of the Bankruptcy Code, United States law.

4. Plaintiffs are not entitled to any recovery from Defendants because Plaintiffs' claims, if any, are "Claims" governed by the CBD Energy Creditors' Trust ("the Trust") and must be made to the Trustees of the Trust and pursuant to the procedures of the Trust Deed Establishing the CBD Energy Creditors' Trust ("Trust Deed"), ancillary documents, and Australian insolvency law. Plaintiffs' claims, if any, must be made against the Trust Fund and Share Pool pursuant to the Trust Deed.

5. Plaintiffs' claims fail to the extent Defendants are not proper parties under the Terms of the Trust Deed.

6. Plaintiffs' claims fail under the doctrines of abandonment and release under the Trust Deed.

7. Plaintiffs are not entitled to any recovery from Defendants because, with regard to any part of the Offering Documents challenged in the Complaint (1) purporting to be a statement made by an official person, or (2) purporting to be a copy of or extract from a public official document, Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the offering documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or did not fairly represent the statement made by the official person or was not a fair copy of or an extract from the public official document.

8. Plaintiffs' claims against Defendants are barred because Defendants acted with appropriate due diligence.

9. The Complaint fails to state any claim against Defendants upon which relief can be granted.

10. Defendants are not liable because Plaintiffs knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which their claims are based.

11. Defendants are not liable because any decline in value of the securities of which Plaintiffs complain was caused in whole or in part by external market factors.

12. Plaintiffs' alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which Defendants had no control and for which they cannot be held liable to Plaintiffs.

13. Plaintiffs lack standing to assert some or all of their claims.

14. Plaintiffs' claims are barred in whole or in part because any alleged misrepresentations or omission were not material as a matter of law.

15. The claims against Defendants are barred in whole, or in part, by the applicable statute of limitations.

16. Plaintiffs' claims are barred, in whole or in part, by the equitable principles of release, estoppel, waiver, ratification, laches, and/or unclean hands.

17. The case should not be certified as a class action because the class does not satisfy the requirements of Rule 23 of the Federal Rule of Civil Procedure.

18. Plaintiffs failed to properly or timely serve Defendants with service of process.

19. Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

20. Defendants incorporate by reference, as if more fully set forth at length herein, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering defendants to the Complaint. Defendants reserve the right to raise additional defenses and to supplement those asserted herein upon further analysis and discovery of further information regarding the Plaintiffs' claims.

**PRAYER FOR RELIEF**

Defendants pray for judgment as follows:

1. That the Amended Complaint be dismissed with prejudice in its entirety, and that Plaintiff takes nothing hereby;

2. That judgment be entered in favor of the Defendants;

3. For costs of suit, including reasonable attorneys' fees where appropriate under law; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

SIEGMYER, OSHMAN & BISSINGER LLP

By: /s/ Jason E. Williams
Jason E. Williams
Texas State Bar No. 24047113
Federal ID No. 569335
David K. Bissinger, Of Counsel
Texas State Bar No. 00790311
Federal ID No. 18150
2777 Allen Parkway, 10th floor
Houston, Texas 77019
Telephone: (713) 524-8811
Facsimile: (713) 524-4102
Email: jwilliams@bizlawhouston.com
Email: dbissinger@bizlawhouston.com

**Attorneys in Charge for Defendants BlueNRGY Group Limited and CBD Energy USA Limited**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system August 11, 2016, which caused an electronic copy of this document to be served on all counsel of record who have appeared in this matter.

/s/ Jason E. Williams
Jason E. Williams