IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PANKOWSKI, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:15-cv-1668 |
| BLUENRGY GROUP LIMITED, f/k/a CBD ENERGY LIMITED, ET AL., | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION BY DEFENDANTS NATIONAL SECURITIES CORPORATION AND NORTHLAND SECURITIES, INC.**

Lead plaintiff Joseph Pankowski has asserted claims under Section 11 and Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2). But those claims are now moot, because defendants National Securities Corporation and Northland Securities, Inc. have tendered to Pankowski the full amount of his claims. No Article III "Case[ ]" or "Controvers[y]" remains to be adjudicated here, even if Pankowski is the kind of plaintiff who "won't take 'yes' for an answer." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 683 (2016) (Roberts, C.J., dissenting). Accordingly, the Court should dismiss this action for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**BACKGROUND**

The Court is familiar with Pankowski's securities claims regarding CBD Energy Limited, having just ruled on motions to dismiss. *See* Docket Entry No. 100

("Op."). This action commenced on October 27, 2014, when a complaint was mistakenly filed in the Eastern District of Texas. *See* Docket Entry No. 1. Following a transfer, this Court appointed Mahmmoud Sakhi as the lead plaintiff pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-1(a)(3). *See* Docket Entry No. 16; Docket Entry No. 22. On August 13, 2015, Sakhi filed an amended complaint that seeks money damages on behalf of a putative class under Section 11 and Section 12(a)(2), while adding Pankowski and Dmytro Kavchak as named plaintiffs. *See* Docket Entry No. 27 ("AC").

On July 6, 2016, the Court dismissed with prejudice the claims asserted by Sakhi and Kavchak, but granted Pankowski leave to substitute himself as the new lead plaintiff and proceed with his Section 11 and Section 12(a)(2) claims. *See* Op. at 27. The Court held that "Sakhi and Kavchak do not have statutory standing to assert claims under either" Section 11 or Section 12(a)(2) because, as aftermarket purchasers, they cannot trace their ordinary shares of CBD stock to the challenged Registration Statement. *See* Op. at 6–14. By contrast, Pankowski plausibly pleaded traceability by alleging that he "purchased 1,500 shares of CBD common stock on June 13, 2014, issued pursuant to or traceable to CBD's Offering as he purchased directly from Defendant National." AC ¶ 15.

Based on Pankowski's modest stake in the outcome of this putative class action, the Court substituted him as the new lead plaintiff. *See* Op. at 14–15; *see also* Docket Entry No. 27-1 (certifying that Pankowski bought 1500 ordinary shares of CBD stock at $4 per share). Pankowski has yet to file a motion to certify a class

in accordance with Federal Rule of Civil Procedure 23. On September 6, 2016, National and Northland tendered to Pankowski (through his counsel) a certified check in the amount of $6671.51. *See* Bessette Declaration, Ex. 1.

## ARGUMENT AND AUTHORITIES

### I. Pankowski's Section 11 And Section 12(a)(2) Claims Are Now Moot

The Court has dismissed Sakhi and Kavchak with prejudice, leaving Pankowski as the last man standing in this action. Pankowski purchased 1500 ordinary shares of CBD stock at $4 per share on June 13, 2014. *See* Docket Entry No. 27-1. According to the Securities Act, then, $6671.51 is the maximum amount that he could hope to recover in damages on his Section 11 and Section 12(a)(2) claims. *See* 15 U.S.C. § 77k(e) (limiting Section 11 damages based on the purchase price); *id.* § 77*l*(a) (limiting Section 12(a)(2) damages based on "the consideration paid for such security with interest thereon").[1] National and Northland have tendered that full amount to Pankowski.

As a result of this tender, Pankowski's claims are moot under binding Supreme Court precedent. Recently, in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016), the Supreme Court held that an unaccepted offer of judgment under Federal Rule of Civil Procedure 68 has no force and therefore does not cause

[1] "[I]n private securities actions, the majority approach has been to apply the pre-judgment interest rate of the state in which the district court sits . . . ." *Deng v. 278 Gramercy Park Grp. LLC*, No. 12-cv-7803, 2014 WL 1016853, at *11 (S.D.N.Y. Mar. 14, 2014) (collecting cases). Texas law provides for computation of simple interest on a principal amount of $6000, at a rate of 5% per year, for the 817 days from June 13, 2014 to September 6, 2016, to yield a total of $671.51 in interest. *See, e.g.*, *Cox Operating, L.L.C. v. St. Paul Surplus Lines Ins. Co.*, No. 4:07-cv-2724, 2013 WL 4459038, at *5 (S.D. Tex. Aug. 16, 2013) (Miller, J.); *Ventling v. Johnson*, 466 S.W.3d 143, 149 (Tex. 2015).

Article III mootness. In her opinion for the majority, however, Justice Ginsburg explicitly disclaimed any ruling on a situation where "a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672.

The three *Campbell-Ewald* dissenters, on the other hand, did address the mootness implications of actually paying the money, as opposed to just offering it. Citing Supreme Court precedent old and new, Chief Justice Roberts declared that "[i]f the defendant is willing to give the plaintiff everything he asks for, there is no case or controversy to adjudicate, and the lawsuit is moot." *Campbell-Ewald*, 136 S. Ct. at 682 (Roberts, C.J., dissenting) (citing *California v. San Pablo & Tulare R.R.*, 149 U.S. 308, 313–14 (1893); *Alvarez v. Smith*, 558 U.S. 87, 93–94 (2009); *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 728–29 (2013)). Justice Alito agreed, noting "that the Court appears to endorse the proposition that a plaintiff's claim *is* moot once he has 'received full redress' from the defendant for the injuries he has asserted. Today's decision thus does not prevent a defendant who actually pays complete relief—either directly to the plaintiff or to a trusted intermediary—from seeking dismissal on mootness grounds." *Id.* at 685 (Alito, J., dissenting) (citations omitted).

Following *Campbell-Ewald*'s roadmap, National and Northland have mooted Pankowski's claims in "[t]he most straightforward way," which "is simply to pay over the money." *Campbell-Ewald*, 136 S. Ct. at 684 (Alito, J., dissenting). This should spell the end of the Section 11 and Section 12(a)(2) claims in this action. *See Krim v. PcOrder.com, Inc.*, 402 F.3d 489, 493, 502–03 (5th Cir. 2005) (affirming

dismissal of a Section 11 claim on mootness grounds where the defendant offered a full recovery to the lone plaintiff with traceable shares).

## II. The Court Should Promptly Dismiss This Action For Lack Of Subject-Matter Jurisdiction

Pankowski must maintain a personal stake in the outcome of the litigation from beginning to end, for "it is not enough that a dispute was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990). But Pankowski has recovered the full amount of his Section 11 and Section 12(a)(2) claims, now that National and Northland have tendered a certified check for $6671.51. Mootness has therefore set in, such that there is no longer an Article III "Case[ ]" or "Controvers[y]" before the Court. *See* U.S. CONST. art. III, § 2 (extending "[t]he judicial Power" to "Cases" and "Controversies").

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). At the same time, "lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) (Posner, J.). With this motion, undersigned counsel have discharged their obligation by notifying the Court of the mootness-generating payment and seeking dismissal.

The Court's next step is straightforward: This action should be promptly dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Fontenot v. McCraw*, 777 F.3d 741, 751 (5th Cir. 2015); *Rocky v. King*, 900 F.2d 864, 868 (5th Cir. 1990). "Jurisdiction is power to declare the law, and when it ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (Scalia, J.) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).

## CONCLUSION

The Court should dismiss this action for lack of subject-matter jurisdiction.

Respectfully submitted.

s/ Paul R. Bessette
Paul R. Bessette
Texas Bar No. 02263050
S.D. Tex. Bar No. 22453

Michael J. Biles
Texas Bar No. 24008578
S.D. Tex. Bar No. 23146

James P. Sullivan
Texas Bar No. 24070702
S.D. Tex. Bar No. 1196607

Srimath S. Subasinghe
Texas Bar No. 24093226
S.D. Tex. Bar No. 2487169

KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
pbessette@kslaw.com
[Tel.] (512) 457-2000
[Fax] (512) 457-2100

September 7, 2016

*Counsel for Defendants National Securities Corporation and Northland Securities, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 7, 2016, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing motion and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

s/ Paul R. Bessette
*Counsel for Defendants National Securities Corporation and Northland Securities, Inc.*