**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH PANKOWSKI, individually and on behalf of all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:15-cv-01668 |
| BLUENRGY GROUP LIMITED, f/k/a CBD ENERGY LIMITED, ET AL., | § | |
| Defendants. | § | |

**DEFENDANT TODD BARLOW'S ANSWER TO AMENDED COMPLAINT**

Defendant Todd Barlow ("Defendant" or "Barlow") answers Lead Plaintiff Joseph Pankowski's ("Plaintiff") Amended Class Action Complaint (the "Complaint") as set forth below. Each numbered paragraph in the first section below corresponds to the identically numbered paragraph in the Complaint, and a statement that Defendant admits or denies the allegations in a particular "Paragraph" refers to the correspondingly numbered Paragraph in the Complaint. Unless otherwise defined herein, capitalized terms have the meanings assigned to such terms in the Complaint. To the extent any response is required to the headings, the allegations in the headings are denied. To the extent any allegations are not expressly admitted herein and any further response is required, such allegations are denied.

1. Defendant admits that the Complaint purports to assert claims for violation of federal securities laws against CBD Energy Limited ("CBD" or the "Company") and others. Defendant otherwise denies the allegations in Paragraph 1.

2. Defendant admits that on June 13, 2014, Defendants National Securities Corporation ("National") and Northland Securities, Inc. ("Northland") (collectively, the

"Underwriters") served as underwriters of CBD's Offering and sold 1,810,000 ordinary shares at an offering price of $4 per share. Defendant otherwise denies the allegations in Paragraph 2.

3. Defendant admits that 1,810,000 shares of CBD's common stock were priced at $4.00 per share in the Offering. Defendant otherwise denies the allegations in Paragraph 3.

4. Defendant denies the allegations set forth in paragraph 4, except admits that the Offering Documents included certain financial results dating back to 2012, that CBD restated certain financial information, and refers to CBD's public filings for a description of CBD's restatement.

5. Defendant admits that PricewaterhouseCoopers – Australia Firm ("PwC Australia") audited certain CBD financial statements included in the Offering Documents, and refers to the Offering Documents for their contents. To the extent any further response is required, Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits that on October 23, 2014, CBD announced that "the Company, through its Audit Committee, and in concert with PricewaterhouseCoopers, its independent registered public accounting firm, has determined that its audited Financial Statements for the 2012 and 2013 Fiscal Years, and its unaudited interim financial statements as of and for the six months ended December 31, 2013 . . . cannot be relied upon, and revisions are required," and refers to the CBD press release for the entire statement. To the extent any further response is required, Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that on October 23, 2014, CBD announced that "the Company, through its Audit Committee, and in concert with PricewaterhouseCoopers, its independent registered public accounting firm, has determined that its audited Financial Statements for the 2012 and 2013 Fiscal Years, and its unaudited interim financial statements as of and for the six

months ended December 31, 2013 . . . cannot be relied upon, and revisions are required," and refers to the CBD press release for the entire statement. To the extent any further response is required, Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits that CBD's stock closed at a price of $1.25 per share on October 24, 2014. Defendant otherwise denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits that the Complaint purports to assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act and the rules and regulations promulgated thereunder. To the extent any further response is required, Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 purports to state legal conclusions to which no response is required.

12. Paragraph 12 purports to state legal conclusions to which no response is required.

13. To the extent Paragraph 13 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 13, except admits that telephones, the mail, and the facilities of the national securities markets were used in connection with CBD's capital raising activities.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14. Further, no response is required with respect to allegations concerning plaintiff Mahmmoud Sakhi because his claims were dismissed by the Court.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16. Further, no response is required with respect to

allegations concerning plaintiff Dmytro Kavchak because his claims were dismissed by the Court.

17. Defendant denies the allegations set forth in paragraph 17, except admits that: (1) BlueNRGY Group Limited, formerly known as CBD Energy Limited, is an Australian corporation headquartered in Sydney, Australia, which provides clean, renewable, and cost-effective sources of electricity for consumers; (2) following CBD's emergence from its Voluntary Administration proceeding in Australia, CBD shareholders voted to rename the Company to BlueNRGY Group Limited, and that it was officially renamed on March 20, 2015; (3) CBD's common stock was traded on NASDAQ under the symbol "CBDE," and trading on the NASDAQ halted on November 12, 2014; and (4) NASDAQ filed a Form 25 with the SEC on July 22, 2015.

18. Defendant denies the allegations set forth in paragraph 18, except admits that CBD Energy USA Limited ("CBD USA") is a wholly-owned subsidiary of CBD located in New York, New York and that CBD USA signed the Registration Statement for the Offering as an authorized representative in the United States of CBD.

19. Defendant denies the allegations set forth in paragraph 19, except admits that Gerard McGowan ("McGowan") has at certain times been the Company's Managing Director and its Chairman of the Board of Directors, that starting in October 2014 McGowan proposed to take a voluntary leave for 30 days and this action was unanimously approved by the Board, that McGowan was suspended as CBD's Managing Director and removed as a director of the Company as of November 14, 2014, that McGowan resigned as a director of CBD, and that McGowan signed the Registration Statement for the Offering.

20. Defendant denies the allegations set forth in paragraph 20, except admits that defendant Richard Pillinger has been the Company's Chief Financial Officer at certain times, and that he signed the Registration Statement for the Offering.

21. Defendant denies the allegation set forth in paragraph 21, except admits that he has been a member of the Company's Board at certain times, that he served on CBD's Audit Committee for the fiscal years ending June 30, 2013 and 2014, that he resigned as a director effective July 18, 2014, and that defendant McGowan signed the Registration Statement for the Offering on his behalf pursuant to a power of attorney.

22. Defendant denies the allegations set forth in paragraph 22, except admits that defendant Carlo Botto has been a member of the Company's Board at certain times, that Botto served on the Audit Committee for the fiscal year ending June 30, 2013, that Botto was reappointed to the Audit Committee on February 9, 2015, following CBD's Voluntary Administration proceeding in Australia, and that McGowan signed the Registration Statement for the Offering on Botto's behalf pursuant to a power of attorney.

23. Defendant denies the allegations set forth in paragraph 23, except admits that defendant William Morro has been a member of the Company's Board at certain times, that Morro served as Chairman of CBD's Audit Committee for the fiscal year ending June 30, 2014, that Morro was appointed as CBD's Managing Director on February 9, 2015, following CBD's Voluntary Administration proceeding in Australia, and that Morro signed the Registration Statement for the Offering.

24. Defendant denies the allegations set forth in paragraph 24, except admits that defendant James Greer has been the Company's CEO of International Operations at certain times.

25. Defendant denies the allegations set forth in paragraph 25, except admits that defendant Patrick Lennon was the Company's Senior Vice President of Wind and Off Grid Solutions at certain times.

26. The allegations set forth in paragraph 26 require no response. To the extent any response is required, Defendant denies the allegations in paragraph 26.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, except admits that defendant National was the sole book-running manager and an underwriter of the Company's Offering. To the extent that paragraph 27 purports to state legal conclusions, no response is required.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, except admits that defendant Northland was a co-manager and underwriter of the Company's Offering. To the extent that paragraph 28 purports to state legal conclusions, no response is required.

29. The allegations set forth in paragraph 29 require no response. To the extent any response is required, Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations set forth in paragraph 30.

31. Defendant denies the allegations set forth in paragraph 31, except admits that PwC Australia is a certified public accountant, that PwC Australia was the Company's independent auditor at certain times, that PwC Australia provided certain audit opinions included in the Offering Documents, and refers to the Offering Documents for a description of any such opinions.

32. The allegations set forth in paragraph 32 require no response. To the extent any response is required, Defendant denies the allegations in paragraph 32.

33. The allegations set forth in paragraph 33 require no response. To the extent any response is required, Defendant denies the allegations in paragraph 33.

34. Defendant admits the allegations in paragraph 34.

35. Defendant admits the allegations in paragraph 35.

36. Defendant admits the allegations in paragraph 36.

37. Defendant admits the allegations in paragraph 37.

38. Defendant admits the allegations in paragraph 38.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41. Defendant denies the allegations set forth in this paragraph 41, except admits that the Offering Documents contained certain audited consolidated financial information for the fiscal years ended June 30, 2012 and 2013 and unaudited summary financial data for the six months ended December 31, 2013 and 2012, and refers to the Offering Documents for a description of such financial information.

42. Defendant denies the allegations set forth in paragraph 42.

43. Defendant denies the allegations set forth in paragraph 43, except refers to the referenced press release for its contents.

44. Defendant denies the allegations set forth in paragraph 44, except refers to CBD's public filings for a description of CBD's restatement.

45. Defendant denies the allegations set forth in paragraph 45, except refers to CBD's public filings for a description of CBD's restatement.

46. Defendant denies the allegations set forth in paragraph 46, except refers to CBD's public filings for a description of CBD's restatement.

47. Defendant denies the allegations set forth in paragraph 47, except refers to CBD's public filings for a description of CBD's restatement.

48. Defendant denies the allegations set forth in paragraph 48, except refers to CBD's public filings for a description of CBD's restatement.

49. Defendant denies the allegations set forth in paragraph 49, except refers to CBD's public filings for a description of CBD's restatement.

50. Paragraph 50 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 50.

51. Paragraph 51 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 51.

52. Paragraph 52 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 52.

53. Paragraph 53 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 53.

54. To the extent paragraph 54 purports to state legal conclusions, no response it required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

55. Paragraph 55 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 55.

56. Paragraph 56 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 56.

57. Paragraph 57 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 57.

58. Paragraph 58 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 58.

59. Paragraph 59 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 59.

60. Defendant denies the allegations set forth in paragraph 60.

61. Paragraph 61 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 61.

62. Paragraph 62 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 62.

63. Paragraph 63 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 63.

64. Paragraph 64 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 64.

65. Paragraph 65 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 65.

66. Paragraph 66 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 66.

67. Defendant denies the allegations set forth in paragraph 67, except refers to the referenced SEC filing for its contents.

68. Paragraph 68 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 68.

69. Paragraph 69 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 69.

70. Paragraph 70 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 70.

71. Paragraph 71 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 71.

72. Paragraph 72 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 72.

73. Paragraph 73 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 73.

74. Paragraph 74 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 74.

75. Defendant admits the allegations in paragraph 75.

76. Paragraph 76 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 76.

77. Paragraph 77 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 77.

78. Defendant denies the allegations set forth in paragraph 78, except refers to CBD's public filings for a description of CBD's restatement.

79. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79.

80. Defendant denies the allegations set forth in paragraph 80, except refers to the referenced SEC filing for its contents.

81. Defendant denies the allegations set forth in paragraph 81, except refers to the referenced SEC filing for its contents.

82. Defendant denies the allegations set forth in paragraph 82, except refers to the referenced SEC filing for its contents.

83. Defendant denies the allegations set forth in paragraph 83, except refers to the referenced SEC filing for its contents.

84. Defendant denies the allegations set forth in paragraph 84, except refers to the referenced SEC filing for its contents.

85. Defendant denies the allegations set forth in paragraph 85, except refers to the referenced press release for its contents.

86. Defendant denies the allegations set forth in paragraph 86, except refers to the referenced SEC filing for its contents.

87. Defendant denies the allegations set forth in paragraph 87, except refers to the referenced SEC filings for their contents.

88. Defendant denies the allegations set forth in paragraph 88, except refers to CBD's public filings for a description of CBD's restatement.

89. Defendant denies the allegations set forth in paragraph 89, except refers to CBD's public filings for a description of CBD's restatement.

90. Defendant denies the allegations set forth in paragraph 90, except refers to CBD's public filings for a description of CBD's restatement.

91. Defendant denies the allegations set forth in paragraph 91, except refers to CBD's public filings for a description of CBD's restatement.

92. Defendant denies the allegations set forth in paragraph 92, except refers to CBD's public filings for a description of CBD's restatement.

93. Defendant denies the allegations set forth in paragraph 93, except refers to CBD's public filings for a description of CBD's restatement.

94. Defendant denies the allegations set forth in paragraph 94, except refers to CBD's public filings for a description of CBD's restatement.

95. Defendant denies the allegations set forth in paragraph 95, except refers to CBD's public filings for a description of CBD's restatement.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98, except refers to the referenced SEC filing for its contents.

99. Defendant denies the allegations set forth in paragraph 99, except admits that starting in October 2014 McGowan proposed to take a voluntary leave for 30 days and this action was unanimously approved by the Board, that McGowan was suspended as CBD's Managing Director and removed as a director of the Company as of November 14, 2014, and that McGowan resigned as a director of CBD effective December 30, 2014.

100. Defendant denies the allegations set forth in paragraph 100, except admits that on November 13, 2014, NASDAQ halted trading in the shares of the Company pending receipt of additional information requested by NASDAQ.

101. To the extent paragraph 101 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant admits that CBD entered Voluntary

Administration in Australia on November 14, 2014, that CBD exited Voluntary Administration on January 27, 2015, and otherwise denies the allegations set forth in paragraph 101.

102. Defendant admits the allegations in paragraph 102.

103. Defendant admits the allegations in paragraph 103.

104. Defendant admits the allegations in paragraph 104.

105. Defendant admits the allegations in paragraph 105.

106. Defendant admits the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107, except admits that CBD filed the 2014 20-F with the SEC on June 1, 2015, and refers to the 2014 20-F for its contents

108. Defendant admits the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109, except admits that on July 22, 2015, NASDAQ filed a Form 25, and refers to the Form 25 for its contents.

110. Paragraph 110 purports to state legal conclusions to which no response is required.

111. Paragraph 111 purports to state legal conclusions to which no response is required.

112. Defendant admits the allegations in paragraph 112.

113. Paragraph 113 purports to state legal conclusions to which no response is required.

114. Paragraph 114 purports to state legal conclusions to which no response is required.

115. Paragraph 115 purports to state legal conclusions to which no response is required.

116. Paragraph 116 purports to state legal conclusions to which no response is required.

117. Paragraph 117 purports to state legal conclusions to which no response is required.

118. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118.

119. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119.

120. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120.

121. Paragraph 121 purports to state legal conclusions to which no response is required.

122. Paragraph 122 purports to state legal conclusions to which no response is required.

123. Paragraph 123 purports to state legal conclusions to which no response is required.

124. Paragraph 124 purports to state legal conclusions to which no response is required.

125. Paragraph 125 purports to state legal conclusions to which no response is required.

126. Paragraph 126 purports to state legal conclusions to which no response is required.

127. Paragraph 127 purports to state legal conclusions to which no response is required.

128. Paragraph 128 purports to state legal conclusions to which no response is required.

129. Paragraph 129 purports to state legal conclusions to which no response is required.

130. Paragraph 130 purports to state legal conclusions to which no response is required.

131. Paragraph 131 purports to state legal conclusions to which no response is required.

132. Paragraph 132 purports to state legal conclusions to which no response is required.

133. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133.

134. Defendant denies the allegations set forth in paragraph 134, except refers to CBD's public filings for a description of CBD's restatement.

135. Paragraph 135 purports to state legal conclusions to which no response is required.

136. Paragraph 136 purports to state legal conclusions to which no response is required.

137. Paragraph 137 purports to state legal conclusions to which no response is required.

138. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138.

139. Defendant denies the allegations set forth in paragraph 139, except refers to the Offering Documents for their contents.

140. Defendant denies the allegations set forth in paragraph 140, except admits that PwC Australia consented to the inclusion of certain information in the Offering Documents, and refers to the Registration Statement and its attachments for a description of such consent.

141. Paragraph 141 purports to state legal conclusions to which no response is required.

142. To the extent paragraph 142 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142.

143. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143.

144. Paragraph 144 purports to state legal conclusions to which no response is required.

145. Paragraph 145 purports to state legal conclusions to which no response is required.

146. Paragraph 146 purports to state legal conclusions to which no response is required.

147. To the extent paragraph 147 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147.

148. To the extent paragraph 148 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148.

149. To the extent paragraph 149 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149.

150. To the extent paragraph 150 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150.

151. To the extent paragraph 151 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151.

152. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152.

153. Paragraph 153 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 153.

154. Paragraph 154 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 154.

155. Paragraph 155 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 155.

156. Paragraph 156 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 156.

157. Paragraph 157 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 157.

158. Paragraph 158 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 158.

159. Paragraph 159 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 159.

160. Paragraph 160 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 160.

161. Paragraph 161 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 161.

162. Paragraph 162 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 162.

**COUNT I**
**Violation of Section 11 of the Securities Act**
**Against All Defendants**

163. This paragraph purports to repeat and reallege every prior allegation, and Defendant hereby repeats and re-alleges its response to every allegation. To the extent any further response is required, the allegations in Paragraph 163 are denied.

164. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164. Further, no response is required with respect to allegations concerning plaintiffs Mahmmoud Sakhi and Dmytro Kavchak because their claims were dismissed by the Court.

165. To the extent paragraph 165 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 165, except admits that CBD is the issuer of certain securities, that certain defendants signed certain Offering Documents, and refers to the Offering Documents for their content.

166. To the extent paragraph 166 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 166.

167. Defendant denies the allegations in paragraph 167, except admits that CBD's certified public accountant audited certain financial information contained in the Offering Documents, that the Offering Documents contain information concerning the audits and the accountant's opinions, and refers to the Offering Documents for their content.

168. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168.

169. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169.

170. Paragraph 170 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 170.

171. Defendant denies the allegations in paragraph 171.

172. Defendant denies the allegations in paragraph 172.

173. To the extent paragraph 173 purports to state legal conclusions, no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 173, except admits that CBD is the issuer of the shares sold via the Offering Documents.

174. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174.

175. Paragraph 175 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 175.

176. Defendant denies the allegations in paragraph 176.

**COUNT II**
**Violations of Section 12(a)(2) of the Securities Act**
**Against Underwriter Defendants**

177. This paragraph purports to repeat and reallege every prior allegation, and Defendant hereby repeats and re-alleges its response to every allegation. To the extent any further response is required, the allegations in Paragraph 177 are denied. Further, this allegation is not asserted against Defendant and no response is required by Defendant.

178. This allegation is not asserted against Defendant and no response is required by Defendant. To the extent a response is required, Defendant denies the allegations set forth in paragraph 178.

179. This allegation is not asserted against Defendant and no response is required by Defendant. To the extent a response is required, Defendant denies the allegations set forth in paragraph 179.

180. This allegation is not asserted against Defendant and no response is required by Defendant. To the extent a response is required, Defendant denies the allegations set forth in paragraph 180.

181. This allegation is not asserted against Defendant and no response is required by Defendant. To the extent a response is required, Defendant denies the allegations set forth in paragraph 181.

182. This allegation is not asserted against Defendant and no response is required by Defendant. To the extent a response is required, Defendant denies the allegations set forth in paragraph 182.

**COUNT III**
**Violations of Section 15 of the Securities Act**
**Against the Individual Defendants**

183. This paragraph purports to repeat and reallege every prior allegation, and Defendant hereby repeats and re-alleges its response to every allegation. To the extent any further response is required, the allegations in Paragraph 183 are denied.

184. Paragraph 184 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 184.

185. Defendant denies the allegations set forth in paragraph 185.

186. Defendant denies the allegations set forth in paragraph 186.

187. Paragraph 187 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 187.

188. Paragraph 188 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 188.

## PRAYER FOR RELIEF

Answering Plaintiffs' prayer for relief, Defendant denies that Plaintiffs are entitled to relief against Defendant.

## ADDITIONAL DEFENSES

As additional defenses, Defendant alleges, asserts, and avers the following, which apply to each and every cause of action asserted in the Complaint against Defendant to which such defense is or may be applicable. By virtue of alleging these further defenses, Defendant does not assume any burden of proof, persuasion, or production not otherwise legally assigned to him. Defendant also does not concede that facts contrary to one or more of the averments that follow would support liability as to Defendant. Defendant reserves all rights to assert other defenses as appropriate.

1. Defendant had, after reasonable investigation, reasonable ground to believe and did believe that the statements challenged by Plaintiff were true.

2. Plaintiffs are not entitled to any recovery from Defendant because, with regard to any part of the Offering Documents challenged in the Complaint (1) purporting to be made on the authority of an expert, or (2) purporting to be a copy of or an extract from a report or

valuation of an expert, Defendant had no reasonable grounds to believe, and did not believe, at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or that such part of the offering documents did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or valuation of the expert or public official document.

3. Plaintiffs are not entitled to any recovery from Defendant because, with regard to any part of the Offering Documents challenged in the Complaint (1) purporting to be a statement made by an official person, or (2) purporting to be a copy of or extract from a public official document, Defendant had no reasonable grounds to believe, and did not believe, at the time such part of the offering documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or did not fairly represent the statement made by the official person or was not a fair copy of or an extract from the public official document.

4. Plaintiffs' claims against Defendant are barred because Defendant acted with appropriate due diligence.

5. The Complaint fails to state any claim against Defendant upon which relief can be granted.

6. Defendant is not liable because Plaintiffs knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which their claims are based.

7. Defendant is not liable because any decline in value of the securities of which Plaintiffs complain was caused in whole or in part by external market factors.

8. Plaintiffs' alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which Defendant had no control and for which he cannot be held liable to Plaintiffs.

9. Plaintiffs lack standing to assert some or all of their claims.

10. Plaintiffs' claims are barred in whole or in part because any alleged misrepresentations or omission were not material as a matter of law.

11. The claims against Defendant are barred in whole, or in part, by the applicable statute of limitations.

12. Plaintiffs' claims are barred, in whole or in part, by the equitable principles of release, estoppel, waiver, ratification, laches, and/or unclean hands.

13. The case should not be certified as a class action because the class does not satisfy the requirements of Rule 23 of the Federal Rule of Civil Procedure.

14. Plaintiffs failed to properly or timely serve Defendant with service of process.

15. Defendant is entitled to recover contribution and/or indemnification from others for any liability they incur.

16. To the extent Plaintiffs sustained any losses as alleged in the Complaint, Defendant can be liable only for that portion of damages that corresponds to his respective degree of fault and responsibility, and cannot be liable for any damages attributable to the responsibility, negligence or fault of any other individual or entity

17. Defendant incorporates by reference, as if more fully set forth at length herein, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering defendants to the Complaint. Defendant reserves the right to raise additional defenses and to

supplement those asserted herein upon further analysis and discovery of further information regarding Plaintiffs' claims.

**PRAYER FOR RELIEF**

WHEREFORE, Barlow prays for judgment as follows:

1. That the Complaint be dismissed with prejudice in its entirety, and that Plaintiffs take nothing hereby;

2. That judgment be entered in favor of Barlow;

3. For costs of suit, including reasonable attorneys' fees where appropriate under law, and

4. For such other and further relief as the Court deems just and proper.

Dated: December 22, 2016

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ Gerard G. Pecht

Gerard G. Pecht
State Bar No. 15701800
gerard.pecht@nortonrosefulbright.com
Lana M. Rowenko
State Bar No. 24094929
lana.rowenko@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Mark Oakes
State Bar No. 24062923
mark.oakes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 536-5221
Facsimile: (512) 536-4598

*Counsel for Defendant Todd Barlow*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system December 22, 2016, which caused an electronic copy of this document to be served on all counsel of record who have appeared in this matter.

/s/ Gerard G. Pecht
Gerard G. Pecht